PEOPLE, PLAINTIFF AND APPELLEE, *v.* LÓPEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action for Revocation of License and for an Injunction.

No. 2072.—Decided April 23, 1920.

BOARD OF PHARMACY—LICENSE TO PRACTICE PHARMACY.—The words "satisfactory to the board" in subdivision 4 of section 7 of the Act of March 8, 1906, for the creation of a board of pharmacy, should be understood as giving the board discretion to decide whether the candidate offered satisfactory proof of having completed a course of study equivalent to that of a high school in Porto Rico; therefore a license to practice as a pharmacist issued by the

Board of Pharmacy to a candidate who, upon making his application for examination, did not exhibit a diploma showing that he had passed an examination embracing all the scientific and literary subjects of the course at some high school of the Island, or at some reputed similar institution of the United States or elsewhere, satisfactory to the board, is null and void.

ID.—ID.—REVOCATION OF LICENSE.—The People of Porto Rico through its courts has the right to revoke a pharmacist's license issued by the Board of Pharmacy, independently of fraud, when in issuing the license the statutory requisites were not complied with.

ID.—ID.—EVIDENCE.—In this case the plaintiff offered and the court admitted, for the purpose of showing that the defendant did not present to the Board of Pharmacy a high-school diploma or its equivalent, a certified copy issued by the secretary of the board of the original application of the defendant. The defendant objected to its admission and on appeal it was *Held:* That, according to subdivision 3 of section 24 of the Law of Evidence, the court did not err in admitting the certified copy.

The facts are stated in the opinion.

*Mr. Celestino Iriarte, Jr.,* for the appellant.

*The Attorney General, Mr. J. E. Figueras, Fiscal,* and *Mr. R. H. Todd, Jr.,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of San Juan, Section 1, rendered a judgment revoking the license of Celestino López Pérez to practice as a pharmacist. The court held in substance that section 7 of the Law of March 8, 1906, as amended, required as a condition precedent that every candidate should present to the Board of Pharmacy a certificate showing that the said candidate had taken a high-school course in the Island or in some equivalent school of the United States or elsewhere, to the satisfaction of the board. The court found that such certificate had not been presented and that, as the Board of Pharmacy granted a diploma without it, the action of the board was beyond its power and that the diploma or license granted was without validity. If the action of the board may be reviewed in the manner attempted here; if the power to revoke is tantamount to the power to refuse to grant; if there is no estoppel, and if the trial was sufficient, then the court is clearly right. *Debile fundamentum fallit opus.*

*Monclova* v. *Board of Pharmacy,* 24 P. R. R. 42, and *Vi-*

*ves* v. *Board of Pharmacy,* 24 P. R. R. 626, make it clear that the board would proceed *ultra vires* if it attempted to grant a license when the candidate did not comply with section 7 of the said law, as follows:

"On the first half of October, the Board of Pharmacy shall enroll all students who shall present for this purpose:
"1. An application for examination.
"2. Document to identify the application.
"3. Certificate of character.
"4. Diploma or document showing that he has successfully passed an examination embracing all the scientific and literary subjects of the course at some high school of the Island or at some reputed similar or analogous institution of the United States or elsewhere if satisfactory to the board."

The first and principal question raised by the appellant is that the action of the board was final, could not be revoked in the absence of fraud and created an estoppel. Let us first construe section 7, *supra.* The appellant maintains that the fourth paragraph leaves all contained therein to the discretion of the board, but we think that the words "if satisfactory to the board" relate only to the certificate of having obtained a diploma from a high-school in the United States or elsewhere. The applicant must satisfy the board that his diploma from a high-school is equivalent to a high-school in Porto Rico. The same idea appears in section 13, where the board must pass upon the sufficiency of the instruction when a license is obtained elsewhere. Furthermore, subdivisions 1, 2 and 3 of section 7 being essential, subdivision 4 is equally so. The law as originally drawn did not specifically refer to studies abroad and also omitted the words "if satisfactory to the board." Their subsequent inclusion also points to the conclusion that the Legislature was leaving to the discretion of the board only the question of whether the applicant was presenting proof of studies equivalent to these required in Porto Rico.

Appellant contends that his license cannot be revoked in

the absence of fraud. Inherent in this contention is the
idea of an acquired right. But the right of the state to
revoke a license is independent of fraud and depends on
the maxim of *salus populi suprema lex,* a doctrine invoked
by the Supreme Court of the United States when discussing
the police power in *Beer Company* v. *Massachussetts,* 97
U. S. 25, and the court said:

"Whatever difference of opinion may exist as to the extent and
boundaries of the police power, and however difficult it may be to
render a satisfactory definition of it, there seems to be no doubt that
it does extend to the protection of the lives, health, and property
of the citizens, and to the preservation of good order and the public
morals."

The appellee cites this case and also makes a quotation
from the leading case of *Dent* v. *West Virginia,* 129 U. S.
121, opinion of Mr. Justice Field:

"It is undoubtedly the right of every citizen of the United States
to follow any lawful calling, business, or profession he may choose,
subject only to such restrictions as are imposed upon all persons of
like age, sex and condition. This right may in many respects be
considered as a distinguishing feature of our republican institutions.
Here all vocations are open to every one on like conditions. All
may be pursued as sources of livelihood, some requiring years of
study and great learning for their successful prosecution. The in-
terest, or as it is sometimes termed, the estate acquired in them,
that is, the right to continue their prosecution, is often of great value
to the possessors, and cannot be arbitrarily taken from them, any
more than their real or personal property can be thus taken. But
there is no arbitrary deprivation of such right where its exercise is
not permitted because of a failure to comply with conditions imposed
by the State for the protection of society. The power of the State
to provide for the general welfare of its people authorizes it to pre-
scribe all such regulations as, in its judgment, will secure or tend
to secure them against the consequences of ignorance and incapacity
as well as of deception and fraud. As one means to this end it has
been the practice of different States, from time immemorial, to exact
in many pursuits a certain degree of skill and learning upon which
the community may confidently rely, their possession being generally

ascertained upon an examination of parties by competent persons, or inferred from a certificate to them in the form of a diploma or license from an institution established for instruction on the subjects, scientific and otherwise, with which such pursuits have to deal. The nature and extent of the qualifications required must depend primarily upon the judgment of the State as to their necessity. If they are appropriate to the calling or profession, and attainable by reasonable study or application, no objection to their validity can be raised because of their stringency or difficulty. It is only when they have no relation to such calling or profession, or are unattainable by such reasonable study and application, that they can operate to deprive one of his right to pursue a lawful vocation."

The appellee also cites us to authorities to show that there is no estoppel against the state under facts similar to those at bar and we are conviced of that.

That the power to revoke for failure to comply with conditions precedent is as ample as the power to refuse to issue a license, appears in the following cases: *Meffert* v. *Packer*, 66 Kan. 710, 1 L. R. A. (N. S.) 811 and note, affirmed in 195 U. S. 625, memorandum opinion; *Berry* v. *State*, 135 S. W. 631 (Tex. 1911); *Scott* v. *State*, 86 Tex. 321, 24 S. W. 789; *Gulley* v. *Territory*, 91 Pac. 1037; *State ex rel. Chapman* v. *State Board of Medical Examiners*, 26 N. W. 123 (Minn.); *Klafter* v. *State Board of Examiners of Architects*, 102 N. E. 193.

The power to revoke is sometimes specifically mentioned in a statute. Sometimes it is deduced from the general powers of a state as may be seen in *Gulley* v. *Territory* and *Klafter* v. *State Board etc., supra*. We hold that there can be no doubt that the Legislature has the authority to vest the authority to revoke in someone and the only question that remains to be decided in this branch of the discussion is whether in the absence of a specific authorization the power resides in the state by an ordinary action. Oklahoma said it did in *Gulley* v. *Territory, supra*, and we think the power does reside in Porto Rico from other general considerations.

The only power specifically given the board to revoke a

license is mentioned in section 15, but it is limited to cases where the practitioner is guilty of crimes, immoralities and the like. The residuary power, therefore, if it resides anywhere, must be in the People of Porto Rico. It is created a body politic with all the powers of a territory.

Where a person has obtained a license without being entitled to it a situation is created whereby a person is practicing without having a clear right thereto. Section 5 of the law provides that any person desiring to practice shall apply to the board. The authorities show that the right to revoke is coextensive with the right to refuse a license. Under the principle of *salus populi suprema lex* the state must have a right to act in the absence of a special authority in any particular board, *ubi jus ibi remedium*. The Attorney General is directly authorized to bring all actions in the name of the People and he did so in this case. Hence we hold that the power to revoke a license at the suit of the Attorney General exists in Porto Rico.

The complaint alleged that the candidate, Celestino López Pérez, did not present to the Board of Pharmacy any diploma or document to show that said candidate had taken a high-school course in the Island or its equivalent. To prove this averment the complainant offered in evidence a certificate from the secretary of the Board of Pharmacy purporting to be a copy of the original application of Celestino López Pérez. The defendant objected on the ground that the original was the best proof. Thereupon the complainant said that it had the original at hand, but did not offer it in evidence because the defendant was not at the trial and his signature could not be proved. We do not understand how, if the original could not be proved, a copy merited more consideration. We think, however, that without proving the signature the original could have been offered in evidence as a public document in the custody of the proper officer, who was on the witness stand at the time.

The court admitted the certificate. Under similar conditions the court admitted a certificate from the secretary of the board to show by copy the affidavit that Celestino López Pérez presented with his application, and it was admitted in evidence over the same objection and exception. Although it was in the power of the People to offer the original, yet section 24 of the Law of Evidence, while providing for the admission of the original, permits the presentation of copies in a case like the present. It reads as follows:

"Section 24.—There can be no evidence of the contents of a writing other than the writing itself, except in the following cases:

"1. When the original has been lost or destroyed, or is beyond the jurisdiction of the court; in which case proof of such fact must first be made.

"2. When the original is in the possession of the party against whom the evidence is offered, and he fails to produce it after reasonable notice.

"3. When the original is a record or is in the custody of a public officer.

"4. When the original has been recorded, and a certified copy of the record is made evidence by this code or other statute.

"In the cases mentioned in subdivisions 3 and 4, a certified copy of the original or of the record must be produced; in those mentioned in subdivisions 1 and 2, either a copy or oral evidence of the contents."

Hence there was no error. These considerations dispose of the second and third assignments of error.

The fourth assignment of error relates to the refusal of the court to postpone proceedings on account of defendant's being then at a training camp. As the application was made after the trial and when the proof was in, the appellant waived any rights he might have had and there was no error.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.