THE STATE OF TEXAS v. WILLIAM V. TUNSTALL.

1. CONSTITUTIONAL LAW—JURISDICTION OF SUPREME COURT.—The jurisdiction of the Supreme Court is restricted by section 3 of article 5 of the Constitution of 1876 to civil suits, of which the District Courts have appellate or original jurisdiction.
2. CIVIL CASE—CRIMINAL CASE.—A proceeding against an attorney or counsellor at law, charging him with fraudulent or dishonorable conduct, and having for its object to strike him from the roll of practicing attorneys, is not a civil case. It is a criminal or *quasi*-criminal case.
3. PROCEEDINGS AGAINST AN ATTORNEY—APPEAL.—No appeal lies to the Supreme Court from a judgment in the District Court for the defendant, in a proceeding charging an attorney with fraudulent or dishonorable conduct.

APPEAL from Houston. Tried below before the Hon. R.. S. Walker.

This was a proceeding by motion, signed by D. A. Nunn, George W. Wynne, and Earle Adams, practicing attorneys. of the court where instituted, filed on the 12th day of May, A. D. 1877, in the District Court of Houston county, against William V. Tunstall, a licensed attorney of the said court, having for its object to strike the said Tunstall from the roll of attorneys for fraudulent and dishonorable conduct. On the 7th day of May, 1877, the said court, on its own motion, acting upon the report and suggestion of the grand jury then

made in open court, appointed a committee of three practicing attorneys to investigate and make report of the charges made. The committee heard the sworn statements of witnesses, reduced the same to writing, and made report thereof to the court. Thereupon this motion was filed, charging the said Tunstall with fraudulent and dishonorable conduct in his practice as an attorney.

The respondent filed exceptions and answer on the 24th of April, A. D. 1878, and at the Spring Term, 1878, the cause coming on to be heard, the court sustained the exceptions to the motion, and judgment was rendered in favor of the respondent; from which judgment an appeal was taken to the Supreme Court.

*D. A. Nunn,* for appellant.

MOORE, CHIEF JUSTICE.—This appeal was taken from the judgment or order of the court below quashing or overruling an information or motion filed by three attorneys of said court to have appellee stricken from the roll as an attorney and counsellor at law, for alleged unprofessional and dishonorable conduct as a practicing attorney of said court.

Upon the threshold of an inquiry as to the correctness of the judgment of the District Court in this proceeding, we are confronted by the question, whether this court has jurisdiction of, or can take cognizance of, the appeal ? And, after the careful consideration which the importance of the question demands, we are constrained to say that the present Constitution of the State does not authorize an appeal to this court in a proceeding of this character. The jurisdiction of this court, as far as pertinent to the present inquiry, is restricted by section 3 of article 5 of our present Constitution to civil suits, of which the District Courts have original or appellate jurisdiction. Now, without deeming it necessary to inquire whether this is a case within the meaning of the Constitution; or whether it is a case within any of the clauses enumerated

in section 8 of said article of the Constitution, of which original jurisdiction is given by said section to the District Courts; or whether a proceeding of this character does not grow out of the general authority and control over its officers which is essentially inherent in all courts, it will suffice for the present inquiry for us to say, that if this is a case in the sense of the Constitution, it certainly is not a civil case, but is unquestionably a criminal or *quasi*-criminal one, of which we have no jurisdiction. The statute under which it is instituted is couched in language inappropriate to designate a civil case or action, but strictly appropriate and such as is generally used when reference is made to criminal actions. The proceeding is termed in the statute a "prosecution." It may be commenced by "information"; it must be instituted and conducted in the name of the State. If the defendant is "convicted" or "found guilty" of the matter of which he is "charged," he is "punished" by deprivation of a valuable franchise, and shall not afterwards "be allowed to practice as an attorney in any court of the State unless reinstated on an appeal to the Supreme Court." (Paschal's Dig., art. 175.) It may be urged that the right of appeal to this court by the defendant is clearly recognized in this clause of the statute; but as this statute was enacted long before the adoption of the present Constitution, it in no way tends to support the right of appeal to this court since its adoption, and especially where such appeal is attempted to be prosecuted by or on behalf of the State.

This court having no jurisdiction of this appeal, it is dismissed.

DISMISSED.