## J. L. SCOTT v. THE STATE.

No. 81.

1. **Proceedings to Disbar a Licensed Attorney.**
   Such proceedings are not criminal prosecutions, and an appeal lies in
   such cases from the District Courts to the Courts of Civil Appeals.... 322

2. **Case Overruled.**
   The State v. Tunstall. 51 Texas, 81, can not be authority in proceedings
   to disbar an attorney instituted under the provisions of the Revised
   Civil Statutes ................................................... 323

ERROR to Court of Civil Appeals for Second District, in a case from Bosque County.

No briefs reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—This proceeding was instituted in the District Court of Bosque County, in the name of the State of Texas, against the plaintiff in error, for the purpose of revoking his license to practice law and to strike his name from the roll of attorneys. There was a judgment against him, from which he sued out a writ of error to the Court of Civil Appeals of the Second Supreme Judicial District, and upon motion of the Attorney-General the cause was there dismissed. The question of the correctness of the court's ruling in dismissing the writ is now before us for determination.

The ground of the motion to dismiss was, that this is a criminal case, and that therefore the Court of Civil Appeals did not have jurisdiction over it. We are of opinion that the motion should not have been sustained. It is true that a proceeding to disbar an attorney may be highly penal in its result. If disbarred, he is deprived of the right to pursue and reap the profits of a profession, to fit himself for which he may have spent years of toil, and upon which he is dependent for a livelihood. But the object of the proceeding is not to punish him for his misconduct, but merely to protect the court and the public against a person already licensed, who has shown himself unfit to be entrusted with the high and responsible duties of an attorney. The loss of his privilege is a necessary incident of his disbarment, but it is merely an incident. In Ex Parte Brounsall, Cowper, 829, Lord Mansfield distinctly says: "It is not by way of punishment, but the courts in such cases exercise their discretion whether a man they have formerly admitted is a proper person to be continued on the roll or not." This language is quoted with approval in Ex Parte Wall, 107 United States, 265, and in The State v. Winton, 11 Oregon, 456, in both of which cases the same doctrine is announced.

Now a criminal case is defined to be "an action, suit, or cause insti-

tuted to secure conviction and punishment for crime." 1 Abb. Law Dic., 324. Argument is hardly necessary to maintain propositions so clear in themselves and so well supported by authority, and it inevitably follows that the present proceeding is not in its nature a criminal case. It was so held in Ex Parte Wall, supra, where the question was directly presented. We doubt if any case can be found in which the contrary is held, except that of The State v. Tunstall, 51 Texas, 81, which we shall consider further on in this opinion.

There is a line of cases which hold that a proceeding to disbar an attorney, while not a criminal case, partakes of the nature of a penal action.

In matter of ———. 1 Hun, 321, it is held that the judgment can only " be sustained by evidence free from serious doubt." The court say, " the proceeding is penal."

In matter of Baluss, 28 Michigan, 507, Judge Cooley says, that " while not strictly a criminal proceeding, it is of that nature, and the punishment, in prohibiting the party from following his ordinary occupation, would be severe and highly penal. The majority of the court are not satisfied that the evidence gives such clear support to the charges as should be required in such cases, and the application will therefore be denied."

In Klingensmith v. Kepler, 41 Indiana, 341, the court hold, that the provisions of a statute for the suspension of an attorney are " penal in their nature, and should be strictly construed."

In Thompson v. The State, 58 Alabama, 365, the court says, that " the proceeding, though not strictly criminal, is of the nature of a criminal proceeding, and it is essential to support it that the information should with certainty disclose that the defendant is amenable to the proceeding and the facts constituting the misconduct of which complaint is made."

All these rulings may be correct. They do not conflict with the conclusion we have announced. While the object of the proceeding is not punishment, such is the unavoidable result, and therefore it may be that a statute affecting it should receive a strict construction; the complaint should have all the certainty of an indictment, and the evidence should sustain the charge beyond a reasonable doubt, although it be not a criminal case. Peyton's Appeal, 12 Kansas, 398, goes farther, and holds that the proceeding is so much in the nature of a criminal action as to entitle the defendant to a change of venue under their statute allowing such change in criminal cases.

It is due to the Court of Civil Appeals to say that they probably felt constrained to dismiss the appeal by reason of the ruling in the case of The State v. Tunstall, above cited. That was a proceeding instituted in the District Court to disbar an attorney, and the court held, that it was a criminal case, and that being such, the Supreme Court had no power to

hear and determine the appeal. But it seems to us that that ruling is based upon the language of the old statute, which was repealed by the Revised Statutes now in force. If it be admitted that the Legislature had the power to treat as a criminal case one which is essentially civil in its nature, and thereby deprive the Supreme Court, as it then existed, of a jurisdiction conferred by the Constitution, it is clear to our minds that in enacting the provision of the Revised Statutes upon this matter they intended to do no such thing. The mere facts that the proceeding is to be conducted in the name of the State, and that the statute uses the language, if " the attorney be found guilty," do not evidence such intention. Rev. Stats., arts. 228–233. On the contrary, the revised Penal Code and Code of Criminal Procedure, which were passed at the same session of the Legislature, expressly declare, that it was the purpose of the Legislature in the one to define every offense against the laws of the State (Penal Code, article 1), and in the other to make rules of procedure in respect to the punishment of offenses intelligible to the officers of the State and to the persons to be affected by them. Code Crim. Proc., art. 1. The one does not define the acts for which an attorney may be disbarred, nor does the other establish the procedure applicable to such cases. The statutory regulations in regard to the proceedings for disbarment are embodied, as we have seen, in the Revised Civil Statutes, and we think that they were appropriately incorporated in that body of laws.

This proceeding was instituted before the adoption of the recent amendments to article 5 of the Constitution. The ruling is, that original section 8 of that article not only defined the jurisdiction of the District Courts, but that the Legislature had no power to confer other jurisdiction upon them. The power to disbar attorneys is not expressly conferred by that section upon these courts; but it is a power necessarily inherent in all courts possessing such general jurisdiction as is given to the District Courts by the Constitution of 1876. We have no serious doubt that the Legislature was empowered to regulate the exercise of the jurisdiction of the District Courts in this matter; and it would seem proper that a court which is authorized to grant licenses to practice in that and other courts, should be empowered, for good cause shown, to cancel such license and to disbar an attorney from practicing thereunder.

The writ of error in this case was sued out since the adoption of the several amendments to the Constitution. Under section 6 of amended article 5 the Courts of Civil Appeals have jurisdiction of "all civil cases over which the District or County Courts have original or appellate jurisdiction." This being a civil case over which the District Court had original jurisdiction, it follows that a writ of error to revise the judgment lies to the Court of Civil Appeals, and that court should have heard and determined the cause.

The judgment of the Court of Civil Appeals is accordingly reversed, and the case is remanded for their hearing and determination.

*Reversed and remanded.*

Delivered January 15, 1894.