EL PUEBLO, DEMANDANTE Y APELADO, *v.* LÓPEZ, DEMANDADO
                    Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre nulidad y cancelación de licencia e *injunction.*

No. 2072.—Resuelto en abril 23, 1920.

JUNTA DE FARMACIA—DISCRECIÓN DE LA JUNTA DE FARMACIA.—Las palabras "a satisfacción de la junta," contenidas en el párrafo 4 del artículo 7 de la Ley de marzo 8, 1906, autorizando la organización de una junta de farmacia se entienden como dando a dicha junta discreción para resolver la cuestión de si el aspirante ha ofrecido prueba satisfactoria de haber hecho estudios equivalentes a un título de alta escuela expedido en Puerto Rico, por lo que, es nulo un título de farmacéutico expedido por la junta de farmacia a un aspirante que al solicitar examen no acompañó un diploma o documento con que se acredite haber aprobado las asignaturas del curso científico o literario de una alta escuela de la isla o de una acreditada institución igual o análoga ya de los Estados Unidos, ya del extranjero, a satisfacción de la junta.

ID.—CANCELACIÓN DE LICENCIA DE FARMACÉUTICOS—ACCIÓN ANTE LA CORTE—CAUSA DE ACCIÓN.—El Pueblo de Puerto Rico tiene derecho a cancelar por conducto de las cortes una licencia de farmacéutico expedida por la junta de farmacia, aun sin mediar fraude, cuando al expedirla no se ha cumplido con los requisitos del estatuto.

EVIDENCIA—COPIAS DE DOCUMENTOS PÚBLICOS COMO PRUEBA.—En este caso el demandante ofreció y la corte admitió, para probar que el demandado no presentó a la junta de farmacia ningún diploma de *high school* o su equivalente, una copia certificada por el secretario de la junta transcribiendo la

solicitud original hecha por el demandado.   Objetada la admisión por el demandado, se resolvió en apelación: que de acuerdo con el párrafo 3 del artículo 24 de la Ley de Evidencia, la corte no cometió error al admitir la certificación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Celestino Iriarte, Jr.*

Abogados del apelado: *Hon. Attorney General, J. E. Figueras, Fiscal,* y *R. H. Tood, Jr.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La Corte de Distrito de San Juan, Sección Primera, dictó sentencia ordenando la cancelación de la licencia de Celestino López Pérez para ejercer la profesión de farmacéutico. La corte resolvió en substancia que el artículo 7 de la ley de marzo 8 de 1906, como quedó enmendada, exigía como requisito previo que todo aspirante presentara a la Junta de Farmacia un certificado creditivo de que dicho aspirante había aprobado las asignaturas del curso de *high school* en la isla o en alguna institución análoga de los Estados Unidos u otra parte, a satisfacción de la junta.   La corte declaró probado que tal certificado no había sido presentado y que como la Junta de Farmacia concedió el diploma sin dicho certificado, actuó fuera de sus facultades, y que el diploma o licencia concedido no tenía validez alguna.   Si la actuación de la junta puede ser revisada en la forma en que aquí se pretende, si la facultad para cancelar es equivalente a la facultad para negarse a conceder el diploma, si no existe impedimento alguno y el juicio fué suficiente, entonces la corte claramente tiene razón.   *Debile fundamentum fallit opus.*

De los casos de *Monclova* v. *Junta de Farmacia,* 24 D. P. R. 46, y *Vives* v. *Junta de Farmacia,* 24 D. P. R. 669, resulta claro que la junta procedería *ultra vires* si tratara de conceder una licencia cuando el aspirante no cumple con el artículo 7 de dicha ley, la cual es como sigue:

"En la primera quincena de octubre la Junta de Farmacia for-

malizará las matrículas de todos los alumnos, presentando éstos al efecto:

"1. Una solicitud pidiendo ser matriculados;

"2. Documento que acredite su identidad;

"3. Certificación de conducta;

"4. Diploma o documento con que se acredite haber aprobado las asignaturas del curso científico o literario de una alta escuela de la isla o de una acreditada institución igual o análoga ya de los Estados Unidos ya del extranjero a satisfacción de la junta."

La primera y principal cuestión que ha sido promovida por el apelante es que la actuación de la junta era definitiva, no podía ser anulada en ausencia de fraude y creaba un impedimento. Interpretemos primero el artículo 7, *supra*. Sostiene el apelante que el párrafo 4 deja todo lo contenido en dicho párrafo a la discreción de la junta, pero creemos que las palabras "a satisfacción de la junta" se refieren solamente al certificado de haber obtenido un diploma de una alta escuela en los Estados Unidos u otra parte. El aspirante debe probar a la junta que su diploma de una alta escuela es equivalente al de la alta escuela en Puerto Rico. La misma idea aparece en el artículo 13, donde la junta debe considerar la suficiencia de la instrucción cuando la licencia ha sido obtenida en otra parte. Además, siendo esenciales los párrafos 1, 2 y 3 del artículo 7, el párrafo 4 es igualmente esencial. La ley, como fué redactada originalmente, no se refería específicamnete a los estudios en el extranjero y también omitía las palabras "a satisfacción de la junta." La subsiguiente inclusión de estas palabras también conduce a la conclusión de que la Legislatura dejaba a la discreción de la junta solamente la cuestión de si el aspirante presentaba prueba de haber hecho estudios equivalentes a los exigidos en Puerto Rico.

El apelante alega que esta licencia no puede ser revocada en ausencia de fraude. Inherente a esta conclusión es la idea de un derecho adquirido. Pero el derecho del Estado para cancelar una licencia es independientemente del fraude

y depende de la máxima *Salus populo suprema lex,* doctrina que invocó la Corte Suprema de los Estados Unidos al discutir la facultad de reglamentación pública (*police power*) en el caso de *Beer Company* v. *Massachussetts,* 97 U. S. 25, en cuyo caso dicho tribunal se expresó como sigue:

"Cualquiera que fuere la diferencia de opinión que pueda existir respecto al alcance y limitaciones de la facultad de reglamentación pública (*police power*) y por difícil que sea dar una definición satisfactoria de ella, no hay al parecer duda alguna de que se extiende a la protección de vidas, salud y propiedad de los ciudadanos y a la conservación del buen orden y de la moral pública."

El apelado cita este caso, haciendo también otra cita del caso principal de *Dent* v. *West Virginia,* 129 U. S. 121, opinión emitida por el Juez Asociado Sr. Field, la cual es como sigue:

"Indudablemente que todo ciudadano de los Estados Unidos tiene el derecho a seguir cualquier ocupación lícita, negocio o profesión que pueda elegir con sujeción únicamente a aquellas restricciones impuestas a todas las personas de la misma edad, sexo y condición. Este derecho en muchos particulares puede considerarse como una señal característica de nuestras instituciones republicanas. Aquí todas las vocaciones están abiertas a todo el mundo en las mismas condiciones. Todas pueden seguirse como medios de vivir, algunas requieren años de estudios y gran conocimiento para ejercerlas con éxito. El interés o, como a veces se dice, la propiedad adquirida por ellas, esto es, el derecho a seguir en su ejercicio, a menudo es de gran valer para sus poseedores y no se les puede privar arbitrariamente de ellas con más derecho que el que habría para privárseles de tal manera de sus bienes inmuebles o muebles. Pero no existe ninguna privación arbitraria de tal derecho cuando no se permite su ejercicio por no cumplirse las condiciones impuestas por el Estado para la protección de la sociedad. El poder del Estado para proveer lo necesario para el bien general de su pueblo le autoriza a prescribir todas aquellas reglamentaciones que a su juicio garantizarán o tenderán a garantizarlas contra la consecuencia de la ignorancia y la incapacidad, así como de la decepción y el fraude. Como medio para llegar a este fin ha sido la práctica de diferentes Estados desde tiempo inmemorial, exigir en muchas profesiones cierto·

grado de conocimiento e instrucción en las cuales la comunidad puede reposar su confianza, cuya posesión generalmente se determina por medio de un examen de dichas personas por otras competentes, o a cuyo conocimiento se llega mediante el certificado que se les expide en forma de diploma o licencia por una institución establecida para dar instrucción sobre tales materias, científica o de otra clase y con la cual tales profesiones tienen que intervenir. La naturaleza y alcance de las condiciones exigidas debe depender principalmente del criterio del Estado en cuanto a su necesidad. Si corresponden a la carrera o profesión, y pueden obtenerse mediante razonable estudio o aplicación no podrá alegarse ninguna objeción en cuanto a su validez debido a su severidad o dificultad. Es solamente cuando no tienen relación con tal carrera o profesión o no pueden obtenerse mediante tal estudio razonable y aplicación que pueden ellas surtir el efecto de privar a una persona de su derecho a seguir una ocupación lícita.''

Hace también el apelado cita de autoridades para demostrar que no hay impedimento contra el Estado cuando los hechos son semejantes a los del presente caso, y estamos convencidos de ello.

Que la facultad para cancelar por no cumplirse con las condiciones previas es tan amplia como la facultad para negarse a expedir una licencia aparece de los siguientes casos: *Meffert* v. *Packer,* 66 Kan. 710, 1 L. R. A. (N. S.) 811, y nota confirmada en 195 U. S. 625, *memorandum* de opinión; *Berry* v. *State,* 135 S. W. 631 (Tex. 1911); *Scott* v. *State,* 86 Tex. 321, 24 S. W. 789; *Gulley* v. *Territory,* 91 Pac. 1037; *State ex rel. Chapman* v. *State Board of Medical Examiners,* 26 N. W. 123 (Minn.); *Klafter* v. *State Board of Examiners of Architects,* 102 N. E. 193.

La facultad de anular a veces se menciona específicamente en un estatuto. Otras se infiere de las facultades generales que tiene el Estado, como puede verse en el caso de *Gulley* v. *Territory,* y en el de *Klafter* v. *State Board, etc., supra.* Sostenemos que no puede haber duda alguna de que la Legislatura tiene autoridad para conferir la facultad de cancelar en alguna persona y la única cuestión que queda por

resolver en cuanto a este punto de la discusión, es si a falta de una autorización específica la facultad reside en el Estado mediante una acción ordinaria. En Oklahoma se dijo que existía la facultad en el caso de *Gulley* v. *Territory, supra,* y creemos que dicha facultad efectivamente existe en Puerto Rico en vista de otras consideraciones generales.

La única facultad que específicamente se confiere a la junta para cancelar una licencia es la que menciona el artículo 15, pero se limita a los casos en que la persona que solicita el certificado es culpable de delitos, de manifiesta inmoralidad u otras cosas semejantes. Por tanto la facultad restante, de residir en alguna parte, debe ser en el pueblo de Puerto Rico. Este constituye un organismo político con todas las facultades de un territorio.

Cuando una persona ha obtenido una licencia sin tener derecho a ella se crea una situación por la cual está ejerciendo la persona sin tener un claro derecho a ello. El artículo 5 de la ley prescribe que cualquier persona que desee dedicarse al ejercicio de la farmacia acudirá a la junta. Las autoridades muestran que el derecho a cancelar es coexistente al de negarse a conceder una licencia. De acuerdo con el principio *salus populi suprema lex* el Estado deberá tener un derecho para actuar a falta de una facultad especial de alguna junta en particular, *ubi jus ibi remedium.* El fiscal general está expresamente autorizado para establecer todas las acciones a nombre de El Pueblo de Puerto Rico y así lo hizo en este caso. Por tanto sostenemos que la facultad para cancelar una licencia a instancia del attorney general existe en Puerto Rico.

La demanda alegaba que el aspirante Celestino López Pérez no presentó a la Junta de Farmacia ningún diploma o documento que acreditara que dicho aspirante había aprobado las asignaturas del curso de *high school* en la isla, o en una institución análoga. Para probar esta alegación el demandante ofreció como prueba la certificación del secretario de la Junta de Farmacia que representaba ser una

copia de la solicitud original hecha por Celestino López Pé-
rez. El demandado se opuso por el fundamento de consti-
tuir el original la mejor prueba. El demandante entonces
dijo que él tenía el original a mano pero no lo ofrecía como
prueba por no estar el demandado en el juicio y no poderse
probar su firma. No entendemos como es que si el original
no pudo ser probado una copia merecía más consideración.
Creemos, sin embargo, que sin probarse la firma el original
pudo haberse ofrecido como prueba como documento público
que estaba bajo la custodia del debido funcionario quien se
encontraba en la silla testifical en el momento. La corte
admitió la certificación. En condiciones análogas la corte
admitió un certificado expedido por el secretario de la junta
para mostrar por medio de una copia el *affidavit* que Celes-
tino López Pérez presentó con su solicitud y que fué admi-
tido como prueba, no obstante haberse hecho la misma ob-
jeción y excepción. Aunque estaba dentro de las facultades
de El Pueblo ofrecer los originales sin embargo el artículo
24 de la Ley de Evidencia, si bien prescribe lo relativo a
la admisión de los originales, permite la presentación de
copias en un caso como el presente. Dicho artículo es como
sigue:

"Artículo 24.—No puede haber evidencia del contenido de un
escrito, fuera del propio escrito, excepto en los casos siguientes:

"1. Cuando el original se hubiera extraviado o destruído, o estu-
viere fuera de la jurisdicción del tribunal; en cuyos casos habrá an-
tes que probar tales hechos.

"2. Cuando el original obrare en poder de la parte contra quien se
ofreciere la evidencia y dejare ésta de presentarlo, después de haber
sido notificada convenientemente.

"3. Cuando el original estuviere unido a un protocolo o se halle
bajo la custodia de un funcionario público.

"4. Cuando el original hubiere sido registrado y una copia certi-
ficada del registro se estimare evidencia por este código u otro es-
tatuto.

"En los casos mencionados en los párrafos 3 y 4, deberá pre-
sentarse copia certificada del original o del registro; en los mencio-

nados en los párrafos 1 y 2, bien una copia, o evidencia oral del contenido.''

Por tanto no se cometió error. Estas consideraciones resuelven el segundo y tercer señalamiento de error.

El cuarto señalamiento de error se refiere a la negativa de la corte a suspender los procedimientos por estar el demandado entonces en el campamento. Como la solicitud fué presentada después del juicio y cuando la prueba había sido ya sometida, el apelante renunció a cualesquiera derechos que hubiera podido tener y por consiguiente no se incurrió en error.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.