## Staunton.

### LEGAL CLUB OF LYNCHBURG V. A. H. LIGHT.

September 26, 1923.

1. ATTORNEY AND CLIENT—*Disbarment—Inherent Power of Courts.*—Independent of statutory authority, all courts of record in Virginia have inherent power in a proper case to suspend or annul the license of an attorney practicing in the particular court which pronounces the sentence of disbarment. The power to go further and make the suspension or revocation of license effective in all other courts of the Commonwealth must be conferred by statute.

2. ATTORNEY AND CLIENT—*Disbarment—Inherent Power of Supreme Court of Appeals.*—The inherent power of the Supreme Court of Appeals to suspend or annul the license of an attorney practicing before it is not abridged by section 88 of the Constitution limiting the original jurisdiction of that court to cases of *habeas corpus*, mandamus and prohibition. Such power does not depend for its existence upon either constitutional or statutory provisions, but is possessed by all courts of record, unless taken away by express constitutional (or possibly legislative) inhibition.

3. ATTORNEY AND CLIENT—*Disbarment—Inherent Power—Legislative Recognition.*—By sections 3423 and 3424 of the Code of 1919, the legislature in Virginia, far from undertaking to deprive the courts of their inherent power in disbarment cases, has expressly recognized it.

4. ATTORNEY AND CLIENT—*Disbarment—Supreme Court of Appeals—Extension of Power by Section 3424 of the Code of 1919.*—Section 3424 of the Code of 1919 has extended the power of the Supreme Court of Appeals in disbarment cases beyond its original limits, so that any revocation or suspension of license by it becomes effective in all of the courts in the State.

5. ATTORNEY AND CLIENT—*Disbarment Proceedings—Purpose and Validity of Sections 3423 and 3424 of the Code of 1919.*—Sections 3423 and 3424 of the Code of 1919 had two purposes in view—first, regulating in a measure the exercise of the power of disbarment, and second, the extending of the limits of that power with respect to suspensions and revocations ordered by the Supreme Court of Appeals These sections occupy the whole field of disbarment in Virginia. There is nothing unreasonable in their regulatory provisions, and they therefore represent a valid exercise of legislative authority upon the subject.

6. ATTORNEY AND CLIENT—*Disbarment—Jurisdiction of the Supreme Court of Appeals—Section 3424 of the Code of 1919.*—It appears both from its history and from its plain language that the act of March 7, 1900 (Acts 1899-1900, p. 1060; section 3196 of the Code of 1904), did not confer on the Supreme Court of Appeals original jurisdiction of disbarment proceedings in a case where the matter complained of had no reference to any act or proceeding in that court; and in view of the history and provisions of section 3196 of the Code of 1904, the prototype of section 3424 of the Code of 1919, original jurisdiction in such case is not conferred upon the Supreme Court of Appeals by section 3424 of the Code of 1919.

7. STATUTES—*Construction—Codes—Revisions.*—Revisors of statutes are presumed not to change the law if the language which they use fairly admits of a construction which makes it consistent with the former statutes; and it is a well-settled rule that in the revision of statutes neither an alteration in phraseology nor the omission or addition of words in the latter statute shall be held necessarily to alter the construction of the former act, excepting where the intent of the legislature to make such change is clear.

8. ATTORNEY AND CLIENT—*Disbarment—Jurisdiction of the Supreme Court of Appeals—Section 3424 of the Code of 1919.*—That the revisors did not intend to enlarge the original jurisdiction of the Supreme Court of Appeals in disbarment cases plainly appears from their note to section 3424 of the Code of 1919.

Original proceedings upon a petition for disbarment.

*Dismissed.*

*Thos. J. Williams, John D. Easley* and *J. Field Wardlaw,* for the petitioners.

*A. S. Hester* and *Leon Goodman,* for the respondent.

PER CURIAM.

[1] Independent of statutory authority, all courts of record in Virginia have inherent power in a proper case to suspend or annul the license of an attorney practicing in the particular court which pronounces the sentence of disbarment. The power to go further and make the

suspension or revocation of license effective in all other courts of the Commonwealth must be conferred by statute. *Fisher's Case,* 6 Leigh (33 Va.) 619.

[2] This inherent power, as to the Supreme Court of Appeals, is not abridged by section 88 of the Constitution limiting the original jurisdiction of that court to cases of *habeas corpus,* mandamus* and prohibition. Such power does not depend for its existence upon either constitutional or statutory provisions, but is possessed by all courts of record, unless taken away by express constitutional (or possibly legislative) inhibition. *Danforth* v. *Egan,* 23 S. D. 43, 119 N. W. 1021, 139 Am. St. Rep. 1030, 1033, 20 Ann. Cas. 418.

[3, 4] The legislature in Virginia, far from undertaking to deprive the courts of the power in question, has expressly recognized it in sections 3423 and 3424 of the Code, and in the latter section has extended the power of this court beyond the original limits as defined in *Fisher's Case, supra,* so that any revocation or suspension of license by it becomes effective in all of the courts in the State.

[5] The above-cited sections of the Code must be construed as conferring in part and as regulating in part the power to which they relate. *Fisher's Case, supra.* They had two purposes in view—first, regulating in a measure the exercise of the power of disbarment, and second, the extending of the limits of that power with respect to suspensions and revocations ordered by this court. These sections occupy the whole field of disbarment in Virginia. There is nothing unreasonable in their regulatory provisions, and they therefore represent a valid exercise of legislative authority upon the subject. *Carter's Case,* 96 Va. 791, 808, 816, 32 S. E. 780, 45 L. R. A. 310.

[6] The present case is controlled by section 3424 of

the Code of 1919, which, with some changes in phraseology, is the same as section 3196 of the Code of 1887, as amended and re-enacted by the act of March 7, 1900, (Acts 1899-1900, p. 1060). The act last cited was passed at the instance of the Virginia State Bar Association, and was drafted by a committee of the association, of which Mr. W. M. Lile was chairman. In presenting this proposed and subsequently adopted amendment of section 3196, Mr. Lile said in part:

"So we made this proposed section read:

" 'Section 3196. If the Supreme Court of Appeals, or any court of record of this State, observes any malpractice, or any corrupt unprofessional conduct therein by an attorney, or if complaint, verified by affidavit, be made to any such court of malpractice or of corrupt unprofessional conduct by an attorney therein, or if complaint, verified by affidavit, be made to any court of record, other than the Supreme Court of Appeals, of any malpractice or any corrupt unprofessional conduct by an attorney practicing therein'    *    *    *

"The first case is where the court observes it in that court; the next is where there is complaint that it has occurred in that court; the third is where the matter complained of occurred out of that court. We thought that if it occurred in the Supreme Court of Appeals, the Court of Appeals ought to have authority to try the case; if it occurred elsewhere, the Court of Appeals should not have original jurisdiction; hence we excluded the Court of Appeals in the latter case."

It thus appears, both from its history and from its plain language that the act of March 7, 1900 (section 3196, Code 1904), does not confer on this court original jurisdiction in a case where, as here, the matter complained of had no reference to any act or proceeding therein.

The revisors made some changes in the language of the statute. If we had to construe section 3424 of the Code of 1919 without the aid of the history and provisions of its prototype, some difficulty would be encountered in holding that the section does not give this court original jurisdiction of the case against Mr. Light. The rule against him in this proceeding was issued during a busy term of court, and upon necessarily hasty and immature consideration of the section in question.

[7] It must be remembered that "revisors of statutes are presumed not to change the law if the language which they use fairly admits of a construction which makes it consistent with the former statutes; and it is a well-settled rule that in the revision of statutes neither an alteration in phraseology nor the omission or addition of words in the latter statute shall be held necessarily to alter the construction of the former act, excepting where the intent of the legislature to make such change is clear." 36 Cyc. 1067-8; *Harrison & Byrd* v. *Wissler*, 98 Va. 597, 600-601, 36 S. E. 982; *Keister's Adm'r* v. *Keister's Exor's*, 123 Va. 157,174, 96 S. E.315, 1 A. L. R. 439.

[8] That the revisors did not intend to enlarge the original jurisdiction of this court plainly appears from their note to section 3424, in which they merely say:

"Formerly this section allowed a jury in the Supreme Court of Appeals. This provision has been stricken out."

If we have jurisdiction in the instant case, we have it concurrently with the Circuit Court of Campbell county, and it would also follow that we have concurrent jurisdiction with the local courts of record in every case of malfeasance and corrupt and unprofessional conduct. In all such cases, the respondents would have the right to a jury trial, whereas in this court no such

right is permitted.   We do not think the statute was intended to produce such a result, nor that a fair interpretation of its terms requires us to reach such a conclusion.  The case is one in which the Circuit Court of Campbell county plainly has jurisdiction, but one which, in our opinion, this court can only deal with upon appeal.

We discharge the rule and dismiss the petition, not upon the merits, but solely for want of jurisdiction.

*Dismissed.*