## LLOYD H. BURNS V. STATE OF TEXAS.

No. 6852.   Decided April 14, 1937.
(103 S. W., 2d Series, 960.)

304

*A. B. Curtis* and *A. W. Christian*, both of Fort Worth, for plaintiff in error.

The district court which disbarred plaintiff in error had the inherent, continuing, exclusive jurisdiction to reinstate him at any time upon a proper showing that since the disbarment there had been a change of conditions so that petitioner has become worthy and qualified to engage in the practice of law. Scott v. State, 86 Texas 321, 24 S. W. 789; Morrow v. Corbin, 122 Texas 553, 62 S. W. (2d) 641; Cleveland v. Ward, 116 Texas 1, 285 S. W. 1063; Love v. Wilcox, 119 Texas 256, 28 S. W. (2d) 641.

*Baylor Agerton* and *Jesse E. Martin,* both of Fort Worth, for defendant in error.

The judgment of the trial court disbarring an attorney from the practice of law, being on the same basis as other civil suits, becomes final after the expiration of the term at which said judgment was entered. In re Boone, 90 Fed. 793; In re Salsbury, 217 Mich. 260, 186 N. W. 404; Colorado Bar Assn. v. Essington, 32 Colo. 168, 75 Pac. 394.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

In 1929 the license of plaintiff in error to practice law in the State of Texas was by judgment of the Seventeenth District Court of Tarrant County revoked, because of fraudulent and dishonest conduct as an attorney. In 1933 he filed his petition in the same court for reinstatement, alleging facts which would, if found true, authorize the court to restore to him the privilege of practicing law. The suit was brought against the State of Texas, which appeared by the district attorney of Tarrant County, and pleaded to the jurisdiction of the court. The basis of the plea was that the judgment of disbarment became final, and the Legislature of the State had not conferred on the dis-

trict court which entered the judgment power, authority or jurisdiction to entertain a motion for reinstatement of the applicant. This plea to the jurisdiction was sustained by the district court and its judgment was affirmed by the Court of Civil Appeals. 76 S. W. (2d) 172. Justice POWER dissented.

While recognizing the practically unanimous rule that a judgment of disbarment is not final and conclusive for all time, and that a motion for reinstatement is properly brought in the court where the judgment of disbarment was entered, nevertheless the Court of Civil Appeals held that because of the action of the Legislature of the State of Texas in 1919 in conferring upon the Supreme Court the exclusive right to issue licenses to practice law, such action robbed the district court of any power of reinstatement which it may have previously had, and vested such power exclusively in the Supreme Court.

1 All parties in this case proceed upon the theory that the disbarment proceeding in the district court was within the jurisdiction of that court, and the judgment of disbarment was in all respects valid and binding. The sole question for decision here is whether or not the district court which entered the judgment of disbarment has jurisdiction to entertain the petition for reinstatement. Upon the subject of reinstatement of disbarred attorneys our statutes are silent. We must therefore look to the general rule upon this subject recognized in practically all jurisdictions. In our opinion, the correct rule with reference to reinstatement is very aptly and correctly stated in the case of Matter of King, 54 Ohio St. 415, 43 N. E. 686, quoted with approval by the Supreme Court of Michigan in the case of In re Salsbury, 217 Mich. 260, 186 N. W. 404, and is as follows:

"When a member of the bar of the State has been, upon proper proceedings, disbarred, and the judgment remains in full force and unreversed, the only remedy of the party is, at the proper time and on a proper showing, to apply to the court in which he was disbarred to be reinstated. The court rendering the judgment of disbarment retains a continuing jurisdiction over the subject, as in many similar cases, and may, upon a proper showing of reformation of the party, or other satisfactory reasons, arising after the disbarment, reinstate him in the practice of his profession. Readmission, as upon application and examination in the first instance, is not the proper course."

This rule is supported by a large array of authorities. See Annotation in 48 A. L. R. 1236. See also 5 Amer. Juris., Sec. 301, p. 443 (R. C. L., Sec. 205, pp. 1113-1114). The following

cases are particularly in point: Ex parte Peters, 195 Ala. 67, 70 So. 648; Ex parte Redmond, 120 Miss. 536, 32 So. 513; In re Thatcher, 83 Ohio St. 246, 93 N. E. 895; Wilhelm's Case, 269 Pa. 416, 112 Atl. 560; In re Sample, 11 N. D. 526, 93 N. W. 918. In Ex parte Peters, supra, by the Supreme Court of Alabama, it is said:

"With respect to the reinstatement of attorneys against whom a judgment of disbarment has been rendered, our statutes are silent. It is, however, generally held—and properly so, we think—that a court which has the power to disbar, has also the power to reinstate, which will be exercised in proper cases. This power to reinstate is based upon the continuing jurisdiction of the court over the subject matter and the party, and hence it is held that a petition for reinstatement must be addressed, and can be addressed, only to the court which rendered the judgment of disbarment.

"It is hardly necessary to observe that this power of reinstatement is by no means in conflict with the general rule as to judgments; that they pass beyond the power and control of the court after the lapse of the term at which they were rendered. The effect of a judgment of disbarment is merely upon the personal status of the attorney proceeded against, by withdrawing a privilege theretofore enjoyed; and the subsequent restoration of that privilege by the same court is in no sense a modification or vacation of the original judgment."

2 The right to disbar attorneys does not rest primarily upon the right to admit to practice. State v. Mosher, 128 Ia. 82, 103 N. W. 105; Legal Club of Lynchburg v. Light, 137 Va. 249, 119 S. E. 55. The Legislature may regulate such right and confer upon particular courts the statutory power and jurisdiction to disbar. Scott v. State, 86 Texas 321, 24 S. W. 789; In re Evans, 42 Utah 282, 130 Pac. 217; In re Cloud, 217 Ia. 3, 250 N. W. 160. As early as January 18, 1860, the Legislature of this State provided that any attorney who should be guilty of fraudulent or dishonest conduct, or of any malpractice, might be suspended, or his license be revoked, by the district court of the county in which he resided, or where such conduct or malpractice occurred. This is substantially what is now Article 313 of the Revised Statutes. In our opinion, there has been no legislative action which even tended to repeal this article.

As the right to disbar is not derived primarily from the power to admit to practice, it follows that the act of the Legislature conferring upon the Supreme Court the exclusive power

to issue licenses did not take from the district court the power to disbar. To so hold it would be necessary to further hold that by implication the Legislature repealed the statutory provisions with reference to disbarment which have been a part of the laws of our State since 1860. Besides, it is well known that many practicing lawyers of the State were not originally licensed to practice by the Supreme Court, and if the right to disbar rested solely upon the right to license, then an anomalous situation would be presented in this State in this matter. If the power to reinstate is based upon the continuing jurisdiction of the court over the subject matter and the party (and it is both logical and practical to so hold), it necessarily follows that the petition to reinstate must be addressed to the court where the disbarment occurred.

It being unquestioned that the district court in this instance had jurisdiction to disbar, it is fitting and proper, and in our judgment a necessary legal requirement, that an inquiry concerning the question of the moral reformation and restoration of plaintiff in error should be conducted in the same court.

The judgments of the Court of Civil Appeals and of the trial court are reversed and the cause is remanded for trial.

Opinion adopted by the Supreme Court April 14, 1937.