Thomas W. DRAKE, Appellant,

v.

STATE of Texas, Appellee.

No. 17974.

Court of Civil Appeals of Texas, Dallas.

Nov. 22, 1972.

Rehearing Denied Dec. 14, 1972.

Stephen M. Orr, Mitchell, Yeakel, Orr & Trickey, Austin, for appellant.

David R. McAtee, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

This action was instituted by the State of Texas, acting through the Grievance Committee for the Fifth Bar District of the State Bar of Texas, against Thomas W. Drake, a practicing attorney, seeking a judgment of disbarment or suspension. The attorney was charged with two specific instances of fraudulent and dishonorable conduct: (1) in representing to a client, Suzanne Moore, charged with passing worthless checks, that he needed $500 to give to an assistant district attorney handling the case so that such official would not prosecute Mrs. Moore; and (2) that the said attorney gave false testimony under oath to the Grievance Committee.

Trial was had before the court and a jury and in response to special issues the jury found that attorney Drake had made the representation and had testified falsely before the Grievance Committee. The jury further found that such acts and conduct on the part of Drake constituted malpractice, as well as fraudulent and dishonorable conduct. Based upon such verdict the trial court rendered judgment that Drake be disbarred from practicing law.

In his first point of error in which he seeks to reverse this judgment appellant Drake charges that the court erred in proceeding to trial without the presence of appellant who was hospitalized. In his argument under this point appellant says:

"Appellant concedes that the Texas Rules of Civil Procedure as regards motions for continuances were not complied with. Appellent further recognizes that disbarment proceedings are to be governed by the Rules of Civil Procedure where applicable."

Appellant then argues that because of the nature of the proceedings and because of the circumstances of the case the trial court abused its discretion in proceeding to trial while appellant was not present. He contends that the disbarment action is a quasi-criminal proceeding and therefore

the "defendant" had an absolute right to be present at the proceeding, to assist his counsel, and to confront the witnesses against him pursuant to his right under the Sixth Amendment of the United States Constitution.

Appellant's contention must be overruled for several reasons. When the case came on for trial appellant was not present in the courtroom but was represented by his then attorney, Neil Brans. Both the State, acting through its Grievance Committee, and Drake, acting by his attorney of record, announced ready for trial and a jury was selected. Prior to further proceedings attorney Brans handed the trial judge a statement signed by a doctor advising that Thomas Drake had been admitted to the hospital at Denton, Texas and was under the doctor's care for a general evaluation of his physical condition. No formal motion for continuance or postponement was made by attorney Brans nor was any affidavit or other testimony offered concerning the physical condition of Mr. Drake at that time. In fact, Mr. Brans invited the court to go on with the trial knowing that Mr. Drake was not in the courtroom. Mr. Drake appeared in the courtroom some time later and remained during the balance of the trial.

Under these circumstances we cannot say that the trial court abused its discretion in proceeding to trial. Appellant concedes that no motion for continuance or postponement was filed. It is firmly established that before the trial court may exercise its discretion concerning a continuance or postponement there must first be a sworn motion in conformity with Rule 251, Vernon's Texas Rules of Civil Procedure. Abilene Savings Ass'n v. Roderick, 418 S.W.2d 695 (Tev.Civ.App., Eastland 1967); Coleman v. Banks, 349 S.W.2d 737 (Tex. Civ.App., Dallas 1961, writ ref'd n. r. e.); and Estes v. Republic Nat. Bank of Dallas, 450 S.W.2d 397 (Tex.Civ.App., Dallas 1969, affirmed Tex., 462 S.W.2d 273). Where the terms and provisions of the rule have not been complied with it will be presumed that the trial court did not abuse its discretion in denying continuance. Watson v. Godwin, 425 S.W.2d 424 (Tex.Civ.App., Amarillo 1968, writ ref'd n. r. e.).

Appellant's attempt to rely upon the assertion that a disbarment proceeding is in the nature of a quasi-criminal case, and that therefore the defendant in such a case is required to be present at all times, is without merit. Appellant seeks to rely upon dictum in In the Matter of Ruffalo, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed. 2d 117 (1968), which has no application here. Our Supreme Court in the early case of State v. Tunstall, 51 Tex. 81 (1879), held that a disbarment proceeding was a quasi-criminal matter. However, the same court in a later case of Scott v. State, 86 Tex. 321, 24 S.W. 789 (1894), overruled the *Tunstall* decision and held that such a proceeding for disbarment was a civil case. See also Houtchens v. Mercer, 119 Tex. 431, 29 S.W.2d 1031 (1930), 69 A.L.R. 1103; Burns v. State, 129 Tex. 303, 103 S. W.2d 960 (Tex.Com.App.1937); Hankamer v. Templin, 143 Tex. 572, 187 S.W.2d 549 (1945); and Arnett v. State, 304 S.W.2d 386 (Tex.Civ.App., Eastland 1957, writ ref'd n. r. e.). Rules governing trials of disbarment proceedings have been purposely omitted from the Penal Code and Code of Criminal Procedure, and placed in the Rules of Civil Procedure which appellant admits are the governing rules of this case.

In his second point of error appellant complains that the trial court permitted appellee to read before the jury appellant's deposition in which he exercised his Fifth Amendment privilege against self-incrimination. It is true that appellant's deposition was read into evidence. The only question answered by him was to give his name. Thereafter, in response to each question, appellant invoked the Fifth Amendment privilege against self-incrimination. While we fail to see the relevancy or purpose for reading this deposition we find no reversible error in the point for

the simple reason that the deposition was introduced into evidence without any objection being made thereto by appellant's counsel. In fact, appellant's counsel stipulated that appellant's deposition be treated as signed. In the absence of timely made objection appellant's complaint made for the first time on motion for new trial comes too late. Texas Employers' Ins. Ass'n v. Hicks, 271 S.W.2d 460 (Tex.Civ. App., Eastland 1954).

■ By his third point of error appellant says that the trial court erred in entering judgment of disbarment because the appeal to the district court was from a suspension for a period of three years, and the greater punishment of disbarment constituted a denial of due process of law. In support of this point appellant relies upon North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), in which a criminal defendant received a greater punishment in a second trial, following a granting of a motion for new trial in the first case. It is obvious that this authority is not controlling in the instant case. Appellant did not appeal to the district court from an order of suspension for a period of three years. When appellant refused to accept the action of the Grievance Committee in suspending his license for three years the State, acting through its Grievance Committee, then filed an original suit in the district court against Drake in which it asked judgment for suspension or disbarment. This was done in specific conformity with art. 320a–1, State Bar Act, sec. 6, Vernon's Tex.Rev.Civ.Stat. Ann. (1959). Having exercised his right to refuse the three-year suspension given him by the Grievance Committee appellant became subject to the State Bar rules which permitted the institution of a formal complaint seeking disbarment. We observe no lack of due process affecting appellant's rights and his point is overruled.

In his fourth and sixth points of error appellant contends that reversible error was committed by the trial court in admitting into evidence certain tape recordings of conversations between appellant and the prosecuting witness. Appellant contends that such tapes were not properly shown to be admissible in that no foundation had been laid and further that same were obtained in violation of the United States Constitution, Fourth Amendment, dealing with right of privacy and right against unreasonable searches and seizures.

During the trial appellee introduced a cassette tape marked "T. W. Drake-Ed Gay Side number one, Suzanne Moore, 3/23/71" as Plaintiff's Exhibit No. 4 and a cassette marked "Side A, Suzanne Moore/Tom Drake 3/24/71, 6:30 p. m." as Plaintiff's Exhibit No. 5. Both tapes were identified as tapes placed in a machine in the possession of Suzanne Moore, appellant's former client, to record telephone conversations with appellant. After recording the conversations, the tapes were transcribed by Denco Securities, who had furnished the machine to Mrs. Moore, and returned to her. Mrs. Moore testified that she then turned the tapes over to the Grievence Committee. Mrs. Moore testified that she recognized the voices on both tapes as being hers and appellant Drake's and that such tapes accurately reflected her conversation with Drake on both occasions. When Exhibit 4 was offered appellant's counsel objected to the admission because (1) it was not shown that it had been in Mrs. Moore's possession all the time; and (2) she did not advise appellant that she was making a tape of his conversation. When Exhibit 5 was offered appellant's counsel objected to its admission in a general manner which did not include the specific objection concerning possession and failure to advise appellant that the same was being made. We think that the trial court was correct in overruling all objections and in admitting the tape recordings.

■ Not only did Mrs. Moore verify the identity of the voices heard on the tape recordings but appellee introduced tran-

scripts of testimony given to the Grievance Committee during which one of appellant's attorneys stipulated, in the presence of appellant, that the tapes were authentic. Moreover, the question of identity and verification of voices goes primarily to the weight to be given the telephone conversations rather than the admissibility thereof which rests largely within the discretion of the court. Schwartz v. State, 158 Tex.Cr. R. 171, 246 S.W.2d 174 (1951). The testimony of Mrs. Moore was sufficient to lay a predicate for the tapes on the question of custody and possession.

■ Nor do we find any merit in appellant's contention that his Fourth Amendment rights were violated since he was not advised that his voice was being recorded on the two occasions. The Supreme Court of the United States in Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed. 2d 134 (1957), is authority for the proposition that either party to a telephone conversation between two individuals may make a recording without violating the Federal Communications Act, 47 U.S.C.A. § 605.

In his fifth point of error appellant charges that the trial court erred in instructing the jury to find affirmatively from a preponderance of the evidence that appellant was guilty of malpractice, fraudulent and dishonorable conduct rather than requiring such findings to be made only if the evidence demonstrated such facts beyond a reasonable doubt.

■ At the time the court's charge was prepared and submitted to counsel for appellant for objection pursuant to Rule 272, T.R.C.P., each special issue contained therein contained the usual "Do you find from a preponderance of the evidence * * *" instruction. Appellant's counsel leveled no objection to this part of the court's charge prior to the time it was submitted to the jury. It is only on motion for new trial that appellant's counsel challenged the instruction concerning quantum of proof. Rule 274 provides that a party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Any complaint concerning an instruction shall be deemed waived unless specifically included in the objections. Edwards v. Strong, 147 Tex. 155, 213 S.W.2d 979 (1948).

■ Even if timely objection had been leveled to the manner of submitting the special issues we are of the opinion that such objection would not have been valid. As discussed above these proceedings are civil in nature and are not governed by the provisions of the Penal Code or Code of Criminal Procedure. The court's charge was properly submitted pursuant to the rules governing civil actions which appellant concedes are the appropriate rules in this case.

■ Finally, in his seventh and eighth points of error appellant attacks special issue No. 5 wherein the jury found that Drake testified under oath at a Grievance Committee hearing that he did not represent to Suzanne Moore that he needed $500 from her, over and above the legal fee, to give to an assistant district attorney so that he would not prosecute Suzanne Moore. The jury answered this issue against appellant. He now contends that the trial court should have set aside and disregarded the jury's answer to special issue No. 5 because: (1) there was no legal authority for Phil Burleson, Chairman of the Grievance Committee, to administer oath and (2) there was no evidence to support the jury's answer. We overrule these contentions.

■ During the trial of the case attorney Phil Burleson testified that he, as Chairman of the Grievance Committee, administered an oath to Drake to "Tell the truth, the whole truth, and nothing but the truth, so help you God." He then testified that Drake gave testimony to the commit-

tee in which he denied telling his client, Suzanne Moore, the facts relating to the $500 payment to the assistant district attorney. This testimony was obviously sufficient to support the jury's answer to the issue.

Burleson's authority to administer the oath is found in art. 26, Tex.Rev.Civ.Stat. Ann., which generally authorizes oaths to be administered by any member of any board or commission created by the laws of this state in matters pertaining to the duties thereof. More specifically, in art. 320a–1, Tex.Rev.Civ.Stat.Ann., known as the State Bar Act, it is provided that in conducting a hearing as a part of any investigation the committee may require testimony to be given under oath or affirmation. Inherent in this section is the right of the chairman of the committee to administer oaths to witnesses appearing and giving testimony before the committee.

It should also be borne in mind that the matter inquired about in special issue No. 5 is the second of the items made the basis of appellee's petition against appellant seeking disbarment. The first complaint, that of representations made by appellant to his client, Suzanne Moore, is duly covered by the jury's answers to special issues 1–4 inclusive to which no complaint is here made. Therefore, while we find no error reflected in appellant's points 7 and 8 the judgment of the court would be supported by the jury's answers to special issues 1–4 inclusive so it could not be legally said that the trial court committed any error in rendering judgment.

We have carefully examined all of appellant's points of error with due recognition of the seriousness and far-reaching effect of the trial court's judgment on appellant's professional life. We find no reversible error and affirm the trial court's judgment.

Affirmed.

GUITTARD, J., took no part in the disposition of this appeal.