**In re Richard PENA.**

**No. B–4661.**

Supreme Court of Texas.

June 19, 1974.

Garcia, Hernandez & Campos, Joe L. Hernandez, San Antonio, for relator.

POPE, Justice.

On February 13, 1964, Richard Pena submitted to the Supreme Court of Texas his resignation as an attorney. On March 2, 1964, this court ordered that Pena's license to practice law be cancelled and that his name be deleted from the list of persons licensed to practice law in Texas. The proceedings resulted from an investigation by the Grievance Committee of the State Bar of Texas of numerous complaints that Pena had received fees without performance of legal services.

In January, 1974, Pena filed in the 37th District Court of Bexar County a petition for reinstatement as an attorney. He joined the State Bar of Texas as a respondent. On April 27, 1974, that court dismissed the petition for lack of jurisdiction. Pena thereupon filed in this court his Petition for Reinstatement and Restoration. He asserts that he is entitled to the relief afforded by Sections 32 and 33 of the State Bar Rules, V.T.C.S. (1973). Those sections of the State Bar Rules state the procedures for the reinstatment of a disbarred attorney. Section 32 provides:

Section 32. Petition for Reinstatement after Disbarment

At any time after the expiration of five years from the date of final judgment of disbarment of a member, he may petition the District Court of the county of his residence for reinstatement. The petition shall allege in substance that petitioner at the time of filing is of good moral character, and since his disbarment, has been living a life of generally good conduct, and that he has made full amends and restitution to all persons, if any, naming them, who may have suffered pecuniary loss by reason of the misconduct for which he was disbarred. The petition shall state the name and address of the Chairman of the District Grievance Committee and the name and address of the Secretary of the State Bar.

Section 33, State Bar Rules, makes provision for notice, hearing, judgment, and the right of appeal in reinstatement proceedings. Even before the adoption of Rules 32 and 33, this court in Burns v. State, 129 Tex. 303, 103 S.W.2d 960 (1937), recognized "the practically unanimous rule that judgment of disbarment is not final and conclusive for all time, and that a motion for reinstatement is properly brought in the court where the judgment of disbarment was entered. . . ."

The motion filed by Richard Pena in this court in 1964 stated that the Grievance Committee of the State Bar of Texas concurred in his prayer that this court accept his resignation. Insofar as the problem of reinstatement is concerned, we regard this court's order canceling his license to practice and deleting his name from the list of licensed practitioners as tantamount to an order for disbarment; therefore Richard Pena is entitled to a hearing on his reinstatement as permitted by Rules 32 and 33.

This court ordered the cancellation of Pena's license upon the basis of the motion

which was joined by the Grievance Committee of the State Bar of Texas, and we regard that as an appropriate procedure in a non-adversary disbarment proceeding such as this one was. However, Rules 32 and 33 afford one seeking reinstatement an evidentiary hearing and also a right to appeal. Those rights cannot be accorded unless the reinstatement proceedings originate in the trial court.

Richard Pena resides in Bexar County, according to his motion, but the 37th District Court of that county understandably ruled that Pena's remedy was to apply to this court, the one which originally ordered the cancellation of his license.

■ Section 32, State Bar Rules, in our opinion, declares the right of a disbarred lawyer to make application for reinstatement, and it says that "he may petition the District Court of the county of his residence for reinstatement." Richard Pena may refile his petition in the District Court of the county of his residence. The petition for reinstatement filed in this court is dismissed.

STEAKLEY, J., joined by REAVLEY, J.

STEAKLEY, Justice (dissenting).

With respect, I record my dissent to what the Court does today. By judicial fiat, a procedure has been ordained and a jurisdiction has been bestowed that in my view does not find sanction in statute or in rules promulgated by this Court. And this at a time when our stance against professional misconduct should be toughened.

Richard Pena was licensed to practice law by this Court under date of March 24, 1951. Under date of February 13, 1964, Pena petitioned this Court, joined by the Grievance Committee of the State Bar of Texas, to cancel this license. Pena's prayer was:

"Your applicant is voluntarily resigning and surrendering his license, and permanently withdrawing from the practice of law; and applicant prays that his name be dropped and deleted from the list of persons licensed to practice law in Texas, and that this resignation be accepted and his license cancelled."

In response, this Court, under date of March 2, 1964, "Ordered . . . that the license of Richard Pena to practice law in the State of Texas be cancelled and that his name be deleted from the list of persons licensed to practice law in Texas."

Notwithstanding all of this, the Court has today created a procedure whereunder Pena can overcome in another court his voluntary act of resignation, and the order of this Court he sought. This procedure has been created by the fiction of regarding "this court's order canceling his license to practice and deleting his name from the list of licensed practitioners as tantamount to an order for disbarment . . . ." This is artificial. A judgment of disbarment is not entered by this Court but by a district court pursuant to Section 28 of the State Bar Rules. *Cf.* Burns v. State, 129 Tex. 303, 103 S.W.2d 960 (1937). Consistent with this, a petition for reinstatement after disbarment may be filed in the district court pursuant to Section 32 of the State Bar Rules. None of this occurs or is applicable when the holder of a license informs this Court that he is voluntarily resigning and surrendering his license; and upon the representation that he is permanently withdrawing from the practice of law, petitions this Court to cancel his existing license. A petition of this nature is within the right of the holder of a license to practice law even though it is filed under the heat of existing or anticipated grievance committee proceedings of the State Bar of Texas. But once done, the act of resignation should be final as to the license surrendered. If not, a convenient way of avoiding public trial and disbarment where a licensee lives and has practiced the profession is made possible. One guilty of professional malfeasance need only quietly resign to this Court and later seek restoration in a district court which did not disbar him in the first instance. I do not think this was the purpose of, or

should be read into Sections 32 and 33 of the State Bar Rules regulating actual disbarment proceedings.

This Court granted Pena's petition of resignation and surrender of his license over ten years ago. It must be presumed that he has not practiced law since that time. He now asks this Court for a new license. In my view, his position is no different from that of an original applicant for license. He should be subject to character investigation and to the examination given by the State Board of Law Examiners to establish the competency of a person to practice law in Texas. It has been well said by the Supreme Court of Wisconsin under like circumstances:

"In justice to the public, to the bar, and to Brodson himself, we should not restore to him the right to practice law unless we have reasonable assurance that he is competent to do so. We find no better assurance of that than his successful passage of the examination given by the Board of State Bar Commissioners to applicants for license to practice." State of Wisconsin v. Brodson, 11 Wis. 2d 124, 103 N.W.2d 912 at 915 (1960).

REAVLEY, J., joins in this dissent.