**Elvin LEIGH, Appellant,**

v.

**Robbie L. BISHOP, et al., Appellees.**

**No. C14–83–831CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 14, 1984.

David E. Lueders, Law Offices of David E. Lueders, Houston, for appellant.

Robbie L. Bishop, pro se.

Before PAUL PRESSLER, MURPHY and SEARS, JJ.

SEARS, Justice.

Appellant appeals the appointment of a guardian ad litem for a minor, Gregory Wayne Bishop, and the excessive fee awarded to the ad litem by the trial court. We hold the trial court abused its discretion when it made the appointment and reverse the judgment for fees awarded.

The minor suffered personal injuries when a motorcycle he was riding collided with a vehicle driven by Appellant. Appellant's liability insurer offered to settle for Appellant's policy limit, $10,000.00. The minor's father, Robbie Bishop, consulted an attorney who investigated Appellant's individual capacity to pay any additional damages, and finding no assets, advised him to settle the case directly with the insurer. Thereafter, the father filed a pro se lawsuit as next friend of his son and sought the trial court's approval of the settlement.

The father told the trial judge that he had no interest in the money and wanted the entire amount to be deposited into the court's registry for the benefit of his son. Nevertheless, the judge refused to approve the settlement and appointed a guardian ad litem to represent the minor. The ad litem delayed the settlement for almost one year, at which time the minor turned eighteen, nonsuited Appellant and accepted the settlement himself. The trial court recognized the nonsuit and assessed ad litem fees in the amount of $2,052.50 against Appellant in its final judgment.

Appellant raises one point of error which contains four subpoints. First, Appellant complains that the trial court erred in appointing the guardian ad litem for the mi-

nor because his father adequately represented his interest.

TEX.FAM.CODE ANN. § 12.04(7) (Vernon Supp.1984), gives the parent of a child: the power to represent the child in legal action and to make other decisions of substantial legal significance concerning the child.

In *Jones v. Martin*, 481 S.W.2d 467 (Tex. Civ.App.—Texarkana 1972, no writ), the court held that if a natural parent has no interests which are adverse to those of his child, the trial court will not need to appoint an ad litem. Rather, the court will presume the parent has the child's best interest in mind and will protect his legal rights.

In the case at bar, the father told the court before the appointment of the ad litem that he claimed *no* interest in the settlement and wanted the entire $10,-000.00 to go into the registry of the court for his son's benefit. Nevertheless, the court insisted upon appointing an ad litem.

Apparently the trial court proceeded under TEX.R.CIV.P. 173 which states that the court shall appoint a guardian ad litem for a minor when it is apparent to the court that the minor's representative, next friend or guardian, appears to have an interest adverse to the minor. Such appointment was completely unnecessary in this case. "[D]isplacement of the next friend with a court appointment guardian ad litem, although mandatory when authorized, is authorized *only* when it 'appears to the court' that the next friend has an interest 'adverse to the minor.'" *Newman v. King*, 433 S.W.2d 420 (Tex.1968) (emphasis added). *See also Scucchi v. Woodruff*, 503 S.W.2d 356 (Tex.Civ.App.—Fort Worth 1973, no writ). We hold the trial court abused its discretion by appointing a guardian ad litem. Not only did the appointment result in an assessment of $2,052.50 in unnecessary attorney fees, but the minor lost nearly one year's interest on the money which he would have earned as a result of an earlier settlement, or, if money had been placed in an interest-bearing account pending a resolution of this

suit. *See Saad v. National Child Care Center*, 612 S.W.2d 660 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

In his last subpoint, Appellant alleges that the awarded fees were excessive and unsupported by competent evidence. Our resolution of the foregoing arguments renders it unnecessary to discuss additional arguments. We sustain Appellant's point of error.

We reverse that portion of the judgment which awarded attorney's (guardian) ad litem fees in the amount of $2,052.50 and assessed such cost against Appellant. We affirm the judgment in all other respects.