Neal Stark THOMAS, Appellant,

v.

Kathleen C. ANDERSON, Appellee.

No. 08–92–00092–CV.

Court of Appeals of Texas,
El Paso.

Aug. 25, 1993.

Rehearing Overruled Sept. 29, 1993.

Charles Louis Roberts, El Paso, for appellant.

Karyn L. Rotker, Kathleen C. Anderson, Law Firm of Kathleen C. Anderson, El Paso, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

KOEHLER, Justice.

In a divorce suit, the trial court on its own motion, appointed an attorney to represent Appellant (himself an attorney), who had been adjudged neither incompetent nor indigent. In the final divorce decree, the court ordered Appellant to pay to the appointed Appellee attorney a fee of $15,000. On appeal, Appellant asserts in four points of error that the trial court erred in appointing counsel to represent him, in failing to discharge the appointed attorney at Appellant's request, in assessing $15,000 as attorney's fees for appointed counsel, and in assessing any attorney's fees for work done by the appointed attorney after Appellant's attempted discharge of her. We reverse and render.

## RELEVANT FACTS

In 1988, Mary Margaret Thomas, the wife of Neal Stark Thomas, Appellant, filed suit

for divorce in County Court at Law No. 5 of El Paso County. On November 1, 1988, the judge of that court signed an order appointing Kathleen C. Anderson, a licensed attorney, to represent the interests of Appellant, the order reciting that the appointment was being made by the court "on its own motion and with the knowledge and approval of [Appellant], finds there is need to appoint an attorney to represent the interests of [Appellant]." A second appointment order was signed on November 9, 1988, this time merely reciting that there was a "need" and appointing the same attorney to represent Appellant, as opposed to representing his "interests." Appellant apparently acquiesced in the appointment at the time, there being nothing in the record to show the contrary.

On December 6, 1990, one day prior to the final hearing, Appellant attempted to discharge Appellee as his counsel by letter. It appears that Appellee continued as Appellant's counsel through the divorce trial because Appellee was still representing him when on November 27, 1991, at a hearing to enter the court's final judgment, Appellant orally requested that Appellee be discharged as his counsel. The request was denied. Appellant stated that at no time during the course of his legal representation was he advised regarding Appellee's fee schedule or hourly rate. Moreover, he testified that he was never presented with a bill for services rendered. The Decree for Divorce included a judgment against Appellant, in favor of Appellee awarding $15,000 in attorney's fees. Appellee was allowed to withdraw as Appellant's counsel on February 11, 1992. In this appeal, Appellant does not dispute the work performed by Appellee, but asserts that the court had no authority to appoint her as his counsel in the first place, that he should have been allowed to discharge her as his counsel, and that the court was without authority to order him to pay attorney's fees to Appellee.

## APPOINTMENT OF COUNSEL

Appellant's first point cites as error the trial court's appointment of counsel for Appellant where Appellant was neither indigent nor incompetent.

## STANDARD OF REVIEW

■ The standard of review of a trial court's pretrial order is abuse of discretion. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985); *American Home Assurance Co. v. Cooper*, 786 S.W.2d 769, 772 (Tex.App.—El Paso 1990, orig. proceeding [leave denied] ). The trial court abuses its discretion only when it reaches a decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson*, 700 S.W.2d at 917.

■ In its determination of whether there is an abuse of discretion, the appellate court must decide whether the trial court acted without reference to any guiding rules and principles such that its act was arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## ABUSE OF DISCRETION

■ The trial court is statutorily authorized to appoint counsel in civil cases in a very limited number of situations. First, a county judge may appoint counsel to represent a party *who makes an affidavit* that he is too poor to employ counsel. TEX.GOV'T CODE ANN. § 26.049 (Vernon 1988). [Emphasis added]. (*See also* Section 24.016 which authorizes a district judge to appoint counsel under similar circumstances). TEX.GOV'T CODE ANN. § 24.016 (Vernon 1988). The record contains no affidavit regarding Appellant's financial inability to employ counsel and no finding by the court of Appellant's indigency. Furthermore, the amount awarded as attorney's fees is inconsistent with a finding of indigency. We find no support in the record for the appointment of counsel based on such grounds.

■ A trial judge may appoint a guardian ad litem in a civil matter for a defendant who is a "lunatic, idiot or a non-compos mentis." TEX.R.CIV.P. 173. There is nothing in the record to suggest that the trial judge intended to appoint a guardian ad litem, rather than an attorney, to represent Appellant. Moreover, although Appellant admits (supported by the record) to having been treated for mental illness prior to the divorce, there

is no finding, and nothing in the record to support such a finding that he was under a mental disability at the time of the divorce. As stated in *Winslar v. Bartlett*, 573 S.W.2d 608, 611 (Tex.Civ.App.—Waco 1978, no writ), where a party is free from the control of a mental institution and makes voluntary appearances before the trial court, the party is presumed to be mentally competent. The only evidence in the record concerning Appellant's mental capacity is documentation relating to his previous hospitalization for mental disorders and his treatment by a psychiatrist. In light of the *Winslar* presumption, this evidence is insufficient to authorize the appointment of a guardian ad litem under Rule 173, assuming that was what the court intended.

Additionally, there is nothing in the Texas Family Code that would authorize the appointment of an attorney ad litem or guardian ad litem in a suit not involving a child or affecting the parent-child relationship. TEX. FAM.CODE ANN. § 11.10 (Vernon 1986).

### INHERENT POWERS THEORY

■ Appellee argues that aside from statutory authorization, the courts possess inherent powers which arise "from the very fact that the court has been created and charged by the constitution with certain duties and responsibilities." *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex.1979). She asserts that these "inherent powers exist to ensure that courts can effectively perform judicial functions, and include those powers necessary to aid in the administration of justice and to regulate the practice of law." Accordingly, argues Appellee, because the statutes authorizing the appointment of counsel do not state that they are the sole grounds, it is suggested that appointment of counsel should fall within the court's inherent powers. We disagree. *Eichelberger* holds that inherent powers are those powers which a court "may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity." 582 S.W.2d at 398. In other words, inherent powers are those powers that are deemed necessary to enable a court to carry out its judicial functions, such as the power to require a legislative body to provide adequate facilities, equipment, and personnel.[1]

■ Appellee cites no case suggesting that courts have or should have an inherent power to appoint attorneys for mentally competent, non-indigent litigants. Having and exercising such a power, while it might be favorable to attorneys assuming that there were funds, either the client's or some public moneys, from which to pay the attorney, would not serve the best interests of our judicial system. The attorney-client relationship must be founded on trust. This trust would be lacking in the situation where a litigant, in a civil matter, is required to accept court-appointed counsel and then to pay whatever fees the court assessed. We decline to recognize an inherent discretionary power in the courts to appoint counsel in any situations not authorized by statute or by the rules of procedure.

We conclude that the trial court abused its discretion by appointing Appellee to represent Appellant because such action was not consistent with any guiding rules or principles. *Downer*, 701 S.W.2d at 241–42. The right to represent oneself is, absent statutory authorization, absolute. TEX.R.CIV.P. 7 ("Any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court."). Any order appointing an attorney, without proper justification, violates Rule 7. *Ayres v. Canales*, 790 S.W.2d 554, 557 (Tex.1990). Point of Error No. One is sustained.

---

1. In a separate concurring and dissenting opinion, the view is expressed that apart from statutory authorization, there is an inherent power to appoint an attorney in any case, under authority of *Eichelberger* and other cases, "to enable a court to effectively perform its judicial function." No cases are cited which would support extending this power to the appointment of attorneys in the absence of statutory authorization. The writer fails to explain how the appointment of an attorney would enable the court to effectively perform its judicial function in the same sense as meant by the cases he cites. In view of the fact that an individual has an absolute right to represent him or herself in any civil or criminal case, it is inconceivable that a judge would have an "inherent power" to appoint an attorney to represent that individual against his or her wishes.

## AWARD OF ATTORNEY'S FEES

Appellant asserts in his third point that the trial court erred in assessing attorney's fees of $15,000 against him. Because we have concluded that the trial court abused its discretion by appointing counsel for Appellant absent a finding of either indigency or mental incompetency, the order appointing counsel was void and that part of the divorce decree granting Appellee judgment against Appellant for attorney's fees is also void. *Leigh v. Bishop,* 678 S.W.2d 572, 574 (Tex.App.—Houston [14th Dist.] 1984, no writ).

In a divorce proceeding where an award of attorney's fees is part of the equitable division of the community estate, a final decree cannot be reversed only as to an award of such fees. *Inman v. O'Donnell,* 722 S.W.2d 16, 18 (Tex.App.—Dallas 1986, no writ). A reversal as to attorney's fees would, under such circumstances, require a remand for a proper division of the entire community estate. *Jacobs v. Jacobs,* 687 S.W.2d 731, 732 (Tex.1985). Although the decree recited that as a part of the equitable division of the community estate, the court was requiring that "each party shall be responsible for his or her own attorney's fees ...," it added the language "except that [Appellee] is granted judgment against [Appellant] for $15,000.00 for attorney's fees and legal services rendered for [Appellant]." Other than in those cases where a judge is specifically authorized by statute to appoint an attorney, a court has no authority to determine what fee a litigant should pay his or her own attorney, that being a matter of contract between attorney and client.

## QUANTUM MERUIT

Finally, Appellee asserts that she is entitled to an award of attorney's fees on a theory of *quantum meruit,* that is a contract implied by law based on the concept that in the absence of an express contract, the law will imply a promise to pay a reasonable value for services rendered. Although it appears from the record before us that Appellant acquiesced in the appointment of Appellee by the court and accepted her services at least until on one or two occasions he tried unsuccessfully to discharge her, we have no power to grant any such relief. Whether *quantum meruit* or some other theory of recovery exists is not a proper issue for this Court's determination. Aside from the fact that there were no pleadings in the trial court to support any such relief, the theory being raised for the first time on appeal, it is doubtful that Appellee could have successfully intervened in the divorce suit for her attorney's fees for several reasons not the least of which would be that it would have put her in direct conflict with her client. The third point of error is sustained.

In conclusion, having sustained Points of Error Nos. One and Three, it is unnecessary to address the points of error relating to the attempted discharge of Appellee and the court's assessment of fees for services performed thereafter.

The judgment of the trial court insofar as it granted judgment in favor of Appellee against Appellant for attorney's fees in the amount of $15,000 is reversed and rendered without prejudice to Appellee pursuing whatever remedies, if any, she may have, and with costs of this appeal adjudged against Appellee.

BARAJAS, Justice, concurring and dissenting.

I concur in the outcome reached in the majority opinion, i.e., that judgment in favor of Appellee against *Appellant* for attorney's fees be reversed and rendered, but respectfully register this dissent to the majority opinion which, in my view, misperceives the nature of the judicial authority vested in our courts by the constitution of the State of Texas.

The threshold question presented in the instant case is whether our state trial courts, in the absence of express constitutional or statutory authority, have the *power* to appoint counsel in civil cases in order to aid in the effective performance of their judicial functions and to protect their dignity, independence, and integrity. The majority answers this question in the negative, explaining that while such power "might be favorable to attorneys ..., [it] would not serve the

best interests of our judicial system." I strongly disagree.[2]

The Texas Constitution explicitly vests the judicial power of the state in the courts. TEX. CONST. art. 5, § 1 (Vernon 1993). Both the Texas Supreme Court and the Texas Court of Criminal Appeals have stated that in addition to the express grants of judicial power to each court, there are other powers which courts may exercise though not expressly authorized or described by our constitution or statutes. *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398–99 (Tex.1979); *State v. Johnson*, 821 S.W.2d 609, 612–13 (Tex.Crim.App.1991). I dissent not in an effort to expand the powers of our courts beyond those granted by our state constitution or statutory authority, but rather to further interpret powers that have repeatedly been categorized by our higher courts as "inherent" powers.

Our higher courts have noted that the inherent power of a court, which is not derived from any legislative grant or specific constitutional provision, may be called upon to aid the court in the exercise of its jurisdiction and the administration of justice. This power exists to enable a court to effectively perform its judicial function. *Eichelberger*, 582 S.W.2d at 395, 398–99; *Public Util. Comm'n of Texas v. Cofer*, 754 S.W.2d 121, 124 (Tex.1988); *Johnson*, 821 S.W.2d at 609, 612–13; *see also Kutch v. Del Mar College*, 831 S.W.2d 506, 510 (Tex.App.—Corpus Christi 1992, no writ); and *Steenbergen v. Ford Motor Co.*, 814 S.W.2d 755, 761 (Tex. App.—Dallas 1991, writ denied).

"Inherent" powers include the power to change, set aside, or otherwise control the court's *own* judgments, *A.F. Jones & Sons v. Republic Supply Co.*, 151 Tex. 90, 246 S.W.2d 853 (1952); the power to summon and compel the attendance of witnesses, *Burttschell v. Sheppard*, 123 Tex. 113, 69 S.W.2d 402 (1934); the power to punish by contempt, *Ex parte Browne*, 543 S.W.2d 82 (Tex.1976); the power to regulate admission to the bar and

the practice of law, *Scott v. State*, 86 Tex. 321, 24 S.W. 789, 790 (1894) (power to disbar is inherent judicial power); and the power to compel the expenditure of public funds to efficiently fulfill its function, including payments made to personnel the court deems essential. *Mays v. Fifth Court of Appeals*, 755 S.W.2d 78, 80 (Tex.1988) (Spears, J., concurring); *Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104, 109–10 (Tex.1981); *see also Kutch v. Del Mar College*, 831 S.W.2d 506, 510 (Tex.App.—Corpus Christi 1992, no writ); and *Commissioners Court of Lubbock County v. Martin*, 471 S.W.2d 100, 109 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.). *See generally, Eichelberger*, 582 S.W.2d at 395, 398 n. 1.

In sum, in the instant case, I would hold as our higher courts have continuously held, that a court may take a particular action only if that action is authorized by constitutional provision, statute, common law, or the power to take the action arises from an inherent or implied power. I would further find that if a trial court reasonably concludes that appointment of counsel in a civil case is necessary for the proper and effective performance of its judicial functions and to protect its dignity, independence, and integrity, then the trial court has the inherent power to make such an appointment of counsel, at least in the absence of a valid statute or court-made rule to the contrary, with compensation for the services of such attorney to be made out of the county general fund and/or the trial court's operating budget. To hold otherwise would be to endorse a system whereby trial judges, in an effort to effectively perform their judicial functions, can adopt their own version of a mandatory *pro bono* program, without regard to the manner in which attorneys will be compensated.

**2.** I disagree not only with the majority's generalization that appointed counsel "would not serve the best interests of our judicial system," but also with the generalization that appointment of counsel "might be favorable to attorneys." The instant case is but one example where an attorney, involuntarily but ethically surrenders her services to the trial court in order to aid in the effective performance of its function. To add insult to injury, the majority orders Appellee to pay costs of court.