In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-408 CV


____________________



IN RE EDNA HOUSEMAN







Original Proceeding






OPINION


 Relator, Edna Houseman, seeks a writ of mandamus to prevent testimony in a
guardianship proceeding from Dr. Edward Gripon, a psychiatrist employed by a prior
attorney to assess her mental competency. Edna's nephew, Robert Houseman, in
connection with his application in the County Court at Law for appointment of a guardian
of Edna's person, seeks to use the testimony to challenge the authority of Edna's attorney
to act in her behalf. Edna contends that allowing the testimony would violate her
attorney-client privilege. The trial court initially sustained Edna's objection to the
testimony but, on Robert's motion for reconsideration, ultimately ruled that Dr. Gripon's
testimony is admissible, not being precluded by any privilege. Edna seeks to have the
September 11, 2001, order on the motion to reconsider vacated. We conditionally grant
the writ of mandamus because the trial court abused its discretion by ruling that Dr.
Gripon's testimony is admissible; the testimony is inadmissible because it is barred by the
attorney-client privilege.

 Mandamus issues only to correct a clear abuse of discretion or to correct the
violation of a duty imposed by law when there is no other adequate remedy at law. Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). The trial court abuses
its discretion when it reaches an erroneous legal conclusion with respect to the disclosure
of privileged or potentially privileged information. See Huie v. DeShazo, 922 S.W.2d
920, 927-28 (Tex. 1996) (orig. proceeding). Where a trial court orders disclosure of
potentially privileged information, there is no adequate remedy by appeal. Id. at 928. 
Thus, by application, mandamus lies to prevent the taking of testimony that would violate
the attorney-client privilege. 

 The attorney-client privilege is preserved in Rule 503 of the Texas Rules of
Evidence, which provides, in part, as follows: 

 A client has a privilege to refuse to disclose and to prevent any other person
from disclosing confidential communications made for the purpose of
facilitating the rendition of professional legal services to the client: 

 (A) between the client or a representative of the client and the client's
lawyer or a representative of the lawyer.


Tex. R. Evid. 503(b)(1)(A). A "representative of the lawyer" includes one employed by
the lawyer to assist the lawyer in the rendition of professional legal services. Tex. R.
Evid. 503(a)(4)(A). Because Dr. Gripon was employed by Edna's former lawyer to assist
in the rendition of professional legal services, Edna has the right, based upon the attorney-client privilege, to prevent its disclosure. 

 Robert Houseman, the real party in interest, asserts that Edna waived the attorney-client privilege because at the initial Rule 12 hearing she did not object to Dr. Gripon's
testimony on that basis. See Tex. R. Civ. P. 12. Robert has brought forward the record
from the relevant portion of the Rule 12 hearing. 

 When Robert's attorney asked Dr. Gripon to tell the Court exactly what he did with
regard to asking Edna questions, talking to her, and getting information or lack of
information from her that allowed him to make an assessment, Edna's attorney, after a
series of voir dire questions, objected on the basis of Edna's medical privilege. The trial
court sustained that objection. 

 In response to further argument by Robert's attorney, Edna's attorney responded
as follows: 

 Your Honor, there's no difference between what they are trying to do
right now than coming over to my office, opening my filing cabinet,
reaching in there and taking out my file on Edna Houseman and bringing it
down here and handing it to the Court. 

 This gentleman was asked to assist an attorney who was representing
that lady, and in that capacity he came out and he conducted a medical
examination. He's not been released - - he's not been provided with any
type of a release for that medical information obtained in the role of a
consultant; and on behalf of Mrs. Houseman, until I no longer represent her,
I'm asserting her privilege against disclosure of that medical information. 


 Following this response, the trial court repeated its ruling that the doctor could not
testify about the medical information, but that he could tell the court what he saw as
anyone could who had contact with any person. Testimony then proceeded. When Dr.
Gripon was asked what evaluation he made and what his opinion about Edna's mental
status was based on the examination he conducted, Edna's counsel made further objections. 
At the trial court's request, Dr. Gripon testified that he told Edna that he had been brought
there by an attorney who was working with her and that he was to make a determination
as to her capacity to live independently, to make certain judgments or to enter into certain
kinds of contractual agreements, and that he was there to determine whether she had
testamentary capacity. 

 Following Dr. Gripon's explanation of what he told Edna, Edna's counsel addressed
the court, saying, "Your Honor, I will make a proffer to the Court that if I present Chip
Radford in here, Chip will tell you that this doctor was called in there as a consultant to
Chip Radford, who was representing her, with an express purpose of developing some
attorney privileged material." The trial judge then announced that he was going to stay
with his ruling and would not allow a professional opinion of the witness. Although
Robert contends Edna did not raise the attorney-client privilege, we hold that, overall,
Edna's attorney made a sufficient objection at the Rule 12 hearing to Dr. Gripon's
testimony on the basis of the attorney-client privilege.

 Subsequently, Robert's attorney filed a motion requesting the trial court to
reconsider its ruling concerning Dr. Gripon's testimony. Robert argued that the testimony
was admissible as an exception to the rule barring disclosure of communications between
patients and certain mental health professionals. He also maintained that Edna was
foreclosed from asserting this privilege because of the offensive use doctrine. In her
response to the motion to reconsider, Edna asserted that she was relying on the attorney-client privilege and that the exception relied upon by Robert was inapplicable to that
privilege. She also made an argument that her assertion of the privilege was not barred
by the offensive use doctrine. The trial court, in granting the motion for reconsideration,
found that no evidentiary privilege applied to preclude Dr. Gripon's testimony regarding
his mental examination of Edna and specifically overruled Edna's attorney-client privilege
objection. Inasmuch as Edna objected to the use of Dr. Gripon's testimony based upon the
attorney-client privilege prior to the trial court's ultimate ruling, we hold that her objection
was timely and she did not waive her assertion of that privilege either at the Rule 12
hearing or at the hearing on the motion to reconsider. 

 Relying upon the offensive use doctrine, Robert contends that Edna may not assert
the attorney-client privilege. Before a waiver of the privilege based upon that doctrine
may be found, the party asserting the privilege must seek affirmative relief; the privileged
information sought must be such that, if believed by the fact finder, in all probability it
would be outcome determinative of the cause of action asserted (mere relevance is
insufficient; a contradiction in position without more is insufficient; and the confidential
communication must go to the very heart of the affirmative relief sought); and disclosure
of the confidential communication must be the only means by which the aggrieved party
may obtain the evidence. Republic Ins. Co. v. Davis, 856 S.W.2d 158, 163 (Tex. 1993). 
If any of these requirements is lacking, the trial court must uphold the privilege. Id. Since
we find the first requirement is not met, we need not address the others. 

 In this case, neither Edna nor her attorney has sought any affirmative relief. She
has merely sought to defend Robert's effort to obtain a guardianship over her person, and
her attorney has sought to show his authority to act as required by Robert's filing of a Rule
12 motion. Since Edna is presumed to be competent, her attorney does not place her
competency at issue when showing his authority to act. See Thomas v. Anderson, 861
S.W.2d 58, 61 (Tex. App.-El Paso 1993, no writ) ("[W]here a party is free from the
control of a mental institution and makes voluntary appearances before the trial court, the
party is presumed to be mentally competent."). It is Robert who seeks to show that she
is incompetent and who wishes to use the privileged testimony in order to accomplish that. 
Because neither Edna nor her attorney seeks affirmative relief, we hold that the attorney-client privilege with respect to Dr. Gripon's testimony has not been waived by the
offensive use doctrine. 

 Robert challenges our right to proceed on the basis that Edna has brought forward
an inadequate record. Relator must file with the petition for writ of mandamus "a certified
or sworn copy of every document that is material to the relator's claim for relief and that
was filed in any underlying proceeding" and a "properly authenticated transcript of any
relevant testimony from any underlying proceeding, including any exhibits offered in
evidence, or a statement that no testimony was adduced in connection with the matter
complained." Tex. R. App. P. 52.7(a). "After the record is filed, relator or any other
party to the proceeding may file additional materials for inclusion in the record." Tex. R.
App. P. 52.7(b). 

 Edna did not file with her petition for writ of mandamus any authenticated transcript
of either the Rule 12 hearing or any hearing on the motion for reconsideration, nor did she
include a statement that no testimony was adduced in connection with the matter
complained. Robert included in his response to her petition a motion to strike her petition
because she failed to file the required transcript or statement. Robert also included a
certified copy of the testimony of Dr. Gripon taken at the Rule 12 hearing. 

 In a letter to the attorneys for both parties, we noted that the real party in interest
(Robert) had objected to the relator's (Edna's) petition for writ of mandamus and noted that
we would delay our ruling for two weeks in order to provide the parties an opportunity to
supplement the record in accordance with Rule 52.7 of the Texas Rules of Appellate
Procedure. Subsequently, Edna filed a response in which she asserted that she was not
complaining of any evidentiary ruling from the Rule 12 hearing but that she was
complaining of the court's ruling on Robert's motion for reconsideration. She asserts that
no testimony was presented at the September 11, 2001, hearing on the motion to
reconsider. We understand Edna's response to be that the only record needed for our
review is Robert's motion to reconsider, Edna's response to that motion, and the
September 11, 2001, order signed by the trial judge. However, other portions of Edna's
reply brief in this mandamus proceeding belie that assertion, since she refers us to
testimony from the August 29, 2001, hearing on the Rule 12 motion. Robert argues that
some evidence from the Rule 12 hearing is relevant. As noted, he has brought forward the
portion of that testimony including the testimony of Dr. Gripon. We agree that this
testimony is relevant to our determination. Edna, the relator, appears to conclude that
none of the testimony from the Rule 12 hearing is relevant but nonetheless refers to it in
both her petition and reply brief. The real party in interest has brought forth a portion of
the testimony asserting that it is relevant. Where neither Edna nor Robert asserts that any
other portion of the testimony from the Rule 12 hearing is relevant in the determination of
this writ, we conclude that all relevant testimony is before us. Since that is the goal sought
by Rule 52.7 of the Texas Rules of Appellate Procedure, we hold that Edna's failure to
comply with the Rule, in effect, was cured by Robert's providing us with a copy of
relevant testimony from the Rule 12 hearing. Consequently, we hold that the record is
sufficient for the purposes of this petition for writ of mandamus and overrule Robert's
motion to strike. (1) 

 Robert contends that John Stone, who was acting as Edna's attorney in the
underlying proceeding, lacked the authority to claim the attorney-client privilege. Rule
503(c) of the Texas Rules of Evidence governs who may claim the privilege. The rule
provides:

 The [attorney-client] privilege may be claimed by the client, the
client's guardian or conservator, the personal representative of a deceased
client, or the successor, trustee, or similar representative of a corporation,
association, or other organization, whether or not in existence. The person
who was the lawyer or the lawyer's representative at the time of the
communication is presumed to have authority to claim the privilege but only
on behalf of the client. 


Tex. R. Evid. 503(c). 

 As a subsequent attorney who was not the client's attorney at the time of the
communication, John Stone is not listed as a person who may claim the privilege. This
is a Rule 12 proceeding, in which an attorney purporting to represent the client has been
cited to appear and show his authority to act on the client's behalf. Robert argues that any 
claim of the attorney-client privilege used to exclude testimony presented by the party
seeking to defeat the attorney's authority, and not shown to have been made by the client
or another listed in Rule 503(c), is made on the attorney's own behalf. However, as
previously noted, Stone represented to the court that his effort to exclude Dr. Gripon's
testimony on the basis of privilege was made on behalf of Edna, his client. We hold that
Stone, as Edna's attorney, had the authority to assert the attorney-client privilege on her
behalf. 

 Robert interprets Rule 503(c) as precluding Stone from asserting the privilege on
Edna's behalf because he was not her attorney at the time the communication was made. 
While Rule 503(c) confers the right to claim the privilege on behalf of the client to the
client's attorney at the time the communication was made, we see no intent to preclude the
client's subsequent trial attorney from raising evidentiary privileges, including the
attorney-client privilege, on behalf of the client. 

 Because the trial court abused its discretion by granting Robert's motion for
reconsideration of its ruling and entering an order finding Dr. Gripon's testimony
regarding his examination, evaluation, diagnosis, and prognosis of Edna Houseman to be
admissible, we conditionally grant Edna's petition for writ of mandamus and set aside our
prior order of September 12, 2001, staying proceedings. The trial court is directed to
vacate its September 11, 2001, order granting Robert's motion for reconsideration and to
exclude the testimony in question. The writ will issue only in the event the trial court
should fail to act in accordance with this opinion. 

 WRIT CONDITIONALLY GRANTED.


 __________________________

 JOHN HILL (2)

 Justice



Submitted on October 24, 2001

Opinion Delivered November 15, 2001 

Publish


Before Walker, C.J., Burgess and Hill, JJ.
1. For purposes of our determination of Edna's petition before this Court, we have
considered only the certified portion of the record from the Rule 12 hearing that is
contained in the appendix to Robert's response to Edna's petition for mandamus.
2. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon 1998).