COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )

                                                                              )

                                                                              )             
No.  08-05-00098-CV

IN RE:  EL PASO HEALTHCARE SYSTEM,      )

LTD.,
d/b/a LAS PALMAS MEDICAL                )     AN ORIGINAL PROCEEDING

CENTER                                                               )

                                                                              )                 IN MANDAMUS

                                                                              )

                                                                              )

                                                                              )

 

 

O
P I N I O N

 

Relator El Paso
Healthcare Systems, Ltd. d/b/a Las Palmas Medical Center (ALas Palmas@)
seeks a writ of mandamus directing the Honorable Luis Aguilar, Judge of the
120th Judicial District Court of El Paso County (ARespondent@) to vacate an order requiring Las
Palmas to retain local counsel within seven days from the order or else
Respondent will appoint local counsel. 
We conditionally grant mandamus relief.








Las Palmas is one
of the defendants in a health care liability suit, Santillan, et. al. v. El
Paso Healthcare System, Ltd., a Texas L.P. d/b/a Las Palmas Medical Center, et
al., currently pending in the 120th Judicial District Court.[1]  In that lawsuit, Las Palmas is represented by
the law firm of Cooper & Scully, P.C., which has its principal office in
Dallas, Texas with other offices in Houston and Sherman, Texas.  Cooper & Scully, P.C. also represents
Adolfo Palomino, M.D., who is the defendant in another health care liability
suit also pending in the 120th Judicial District Court.[2]  In both cases, Respondent, sua sponte,
entered an order requiring their clients to retain local counsel within seven
days of the order and if they failed to comply, Respondent would appoint local
counsel for them.

The following
relevant facts are provided as background to this proceeding.  On March 2, 2005, Respondent conducted a
status conference in Alvarez, et al. v. Palomino.  Prior to the status conference, Respondent
informed Dr. Palomino=s
counsel, Lanette Matthews, an attorney in the Houston office of Cooper &
Scully, P.C., that he was implementing a general policy change requiring that
local counsel be retained in all cases. 
In response, Ms. Matthews had the following exchange with Respondent:

Ms.
Matthews: Well, I have been here.  I feel I am qualified to be local counsel
here.








The
Court:        Okay.  Well, for the purposes of this policy change,
local address, local counsel.  Local
address.  I=ve
decided that would facilitate a lot of things.

It=s not just you. It=s just everybody.

 

Plaintiffs= counsel:          And if they could just let us know who local counsel is.

 

The
Court:        And, of course, you would
notify [Plaintiffs= counsel]
promptly.  Okay?

 

Ms.
Matthews: Perhaps my parent=s local address would be sufficient?

 

The
Court:        If they have--are licensed
to practice law, that would be more than sufficient.

 

There was no further discussion of
Respondent=s new
policy change at the Alvarez hearing. 
That same day, Respondent, sua sponte, signed an order in Alvarez
et al. v. Palomino, entitled, AOrder
For the Appointment of Local Counsel.@  The order stated:

On the 2nd day of
March, 2004 [sic], the Court held a status conference in the above-referenced
style.  Due to several unresolvable
matters, including scheduling conflicts, the Court has determined that local
counsel should be appointed.

 

IT IS THEREFORE
ORDERED, ADJUDGED, AND DECRRED [sic] that local counsel shall be retained by
Defendant ADOLFO PALOMINO, M.D. within seven (7) days from the date of this
Order.  If Defendant ADOLFO PALOMINO,
M.D. fails to comply with this Order, the Court shall appoint local counsel.

 

The following day,
March 3, 2005, Respondent conducted a status conference on discovery matters in
Santillan et. al v. El Paso Healthcare System, Ltd. d/b/a Las Palmas Medical
Center, et al.  Prior to the status
conference, Respondent, sua sponte, had signed an order virtually
identical to that entered in Alvarez, et al. v. Palomino.  Specifically, the order stated:








On the 3rd day of
March, 2004 [sic], the Court held a status conference in the above-referenced
style.  Due to several unresolvable
matters, including several scheduling conflicts, the Court has determined that
local counsel should be appointed.

 

IT IS THEREFORE
ORDERED, ADJUDGED, AND DECRRED [sic] that local counsel shall be retained by
Defendant EL PASO HEALTHCARE SYSTEM, LTD. d/b/a LAS PALMAS MEDICAL CENTER
within seven (7) days from the date of this Order.  If Defendant EL PASO HEALTHCARE SYSTEM, LTD.
d/b/a LAS PALMAS MEDICAL CENTER fails to comply with this Order, the Court shall
appoint local counsel.

 

At the start of the proceeding,
Respondent handed the above order to Las Palmas=
counsel, John Raley, an attorney in the Houston office of Cooper & Scully,
P.C., and informed Mr. Raley that he was requiring local counsel.  Mr. Raley requested clarification of the
order before proceeding with the status conference.  The following exchange occurred:

Mr.
Raley:        Does this apply only to the
Alvarez case or does it apply to all of the out-of-town . . . .

I don=t understand the scope of The Court=s order.

 

The
Court:        Well . . .

 

Plaintiffs= counsel:          We=re
in Santillan.

 

Mr.
Raley:        I understand that.

 

The
Court:        What--why are you asking me?

 

Mr.
Raley:        I need to understand, Your
Honor, because I have several cases in this court.

 

The
Court:        I will be ordering it, in
the future, if I haven=t.  If I haven=t,
I will.

 

Mr.
Raley:        Are you ordering it only as
to me or to all out-of-town lawyers?

 








The
Court:        Right now, all out-of-town
lawyers.  But it will be subject to a
case-by-case basis.  So unless there is a
reason why I shouldn=t,
everyone else, all out-of-town counsel, is going to get local counsel.

 

Mr.
Raley:        So is your order that all
out-of-town counsel, who have cases in your court--

 

The
Court:        Mr. Raley--

 

Mr.
Raley:        --must have local counsel?

 

The
Court:        --it=s
very simple.

 

Mr.
Raley:        Yes, Your Honor.

 

The
Court:        Okay.  

 

Mr.
Raley:        I just want to understand
the scope of the Court=s
order.

 

The
Court:        Okay.  Well, 2003-2548, Santillan, you will come in
with local counsel.  All future hearings,
you will have local counsel.

Anybody need
clarification?

 

Plaintiffs= counsel:          No, Your Honor.  I
understand perfectly.

 

The
Court:        Clarification?  Local counsel.  I don=t
know how else to amplify on that.  Hire
local counsel.

 

After calling the case and receiving
announcements of counsel, Respondent permitted Mr. Raley to make a bill of
exception on the matter.  The following
exchange occurred:

The
Court:        Okay.  Let the record reflect, due to numerous
problems I=ve had with
scheduling conflicts, and other assorted issues--and I=m
not going to go into it right now--I am ordering Mr. Raley to hire local
counsel.

 

Mr.
Raley:        May I be permitted to make a
bill of exception, Your Honor?

 








The
Court:        Yes, sir.  Well, let me--let me go on, on this.  I also want you to be aware that all
attorneys who practice in El Paso County are subject to accepting two pro bono
divorces and local criminal appointments.

El Paso County allows
you to opt out of the criminal appointment system by paying $600.  That is what all local attorneys are subject
to.

And I will give you
the option, Mr. Raley, of opting--of not retaining local counsel, but I want
you to be aware that you will be treated like every other local attorney here,
and I will make a criminal appointment, right now.

 

Mr.
Raley:        May I respond, Your Honor?

 

The
Court:        You bet.

 

Mr.
Raley:        Thank you, sir.

I=m John Raley.  For 20 years, I have been licensed to
practice in every court in the State of Texas. 
And I have had the honor and the privilege to handle cases in many Texas
courts.

My client has a right
to retain the counsel of their choice.  I
am not aware of any law, by statute, case or otherwise, that gives this Court
the right or the power to require my client to pay extra legal fees to retain
an additional counsel simply because they have selected out-of-town counsel.

Regarding the pro
bono issue, Your Honor.  I do pro
bono.  And I agree with The Court, that
is our obligation as attorneys to handle pro bono matters.

 

The
Court:        You misunderstood what I
have said.  I said no such thing.  I said the local rule requires.

 

Mr.
Raley:        Okay.

 

The
Court:        I didn=t say I agree or disagree.  Okay?

 

Mr.
Raley:        I=m
currently involved in a pro bono criminal matter for a man incarcerated in
Austin.  Well, in Georgetown, Texas, Your
Honor. 

And I am petitioning
that court for DNA testing.  That
required extensive work; I=m
doing all of that pro bono.  So I feel
that I am satisfying our mutual obligation to do pro bono work.

The bottom line, Your
Honor, is that my client has the right to counsel of their choice.  And on point, I would cite Keller Industries
versus Blanton, 804 S.W.2d 182.

 








The
Court:        Mr. Raley, let me interrupt
you, if you don=t mind.

 

Mr.
Raley:        Yes, Your Honor.

 

The
Court:        Are you telling me you would
prefer a criminal appointment and two pro bono divorces in El Paso County?  Is that what you=re
telling me?

 

Mr.
Raley:        I=m
telling you that, by my voluntary pro bono works in Houston and elsewhere, I am
satisfying--

 

The
Court:        Mr. Raley, I=m not interested in your pro bono
career.  Okay?

 

Mr.
Raley:        Thank you, sir.

 

The
Court:        What I=m telling you, is the local rules, and
I want an answer out of you.

 

Mr.
Raley:        Your Honor, the work I do in
El Paso, I will--be preferred to--to be done by clients who retain me to do
that work.

The case I cite on
point, Your Honor, is Keller Industries versus Blanton--

 

The
Court:        Mr. Raley, let=s try and--

 

Mr.
Raley:        I=m
trying to make a bill of exception, Your Honor.

 

The
Court:        Let=s
have an understanding.

 

Mr.
Raley:        Yes, Your Honor.

 

The
Court:        I ask you a question, you
give me an answer.  Don=t ignore me and start telling me about
your pro bono career.  Question, answer.

 

Mr.
Raley:        If The Court is asking me if
I will accept a criminal appointment in El Paso, the answer to that question
is, No, Your Honor.

 

The
Court:        Okay.  Then let it be understood that you will be
subject to local counsel.

 








On March 10, 2005,
Las Palmas filed its petition for writ of mandamus and emergency motion for
temporary relief.  We granted the motion
and issued an order staying the Respondent=s
order during the pendency of this proceeding.

ORDER
FOR APPOINTMENT OF LOCAL COUNSEL

Standard
of Review

Mandamus will lie
only to correct a clear abuse of discretion. 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)(orig.
proceeding).  Further, there must be no
other adequate remedy at law.  Id.  A trial court abuses its discretion when it
acts in an arbitrary or unreasonable manner without reference to any guiding
rules or principles of law.  See
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).  With respect to resolution of factual issues
or matters within the trial court=s
discretion, we may not substitute our judgment for that of the trial
court.  Walker, 827 S.W.2d. at
839-40.  The relator must show that the
trial court could reasonable have reached only one decision.  Id. at 840.  With respect to the trial court=s determination of the legal principles
controlling its ruling, the standard is much less deferential.  Id. 
A trial court has no discretion in determining what the law is or
applying the law to the facts.  Id.  Thus, a clear failure by the trial court to
analyze or apply the law correctly will constitute an abuse of discretion, and
may result in appellate reversal by extraordinary writ.  Id.

Respondent=s Authority to Issue Order Requiring
Local Counsel








Respondent=s order requires Las Palmas to retain
local counsel and if it fails to comply, Respondent shall appoint local counsel
for it.  There is no dispute that Las
Palmas is represented by a duly licensed Texas attorney who maintains an office
in Houston, Texas.  Las Palmas asserts
that Respondent=s order
requiring its out-of-town attorney to retain local counsel or else the court
would appoint local counsel is not founded in any principle of law and thus, is
a clear abuse of discretion.  We agree.

The Legislature
has vested the Supreme Court of Texas with exclusive rulemaking authority in
the practice and procedure in civil actions. 
See Tex.Gov=t Code Ann. '
22.004 (Vernon 2004).  Under that
authority, the Supreme Court has adopted the Texas Rules of Civil Procedure,
which have the same force and effect as statutes.  See Tex.R.Civ.P.
2, 814; Missouri Pac. R.R. Co. v. Cross, 501 S.W.2d 868, 872 (Tex. 1973).  Rule 3a of the Texas Rules of Civil Procedure
permits each administrative judicial region, district court, county court,
county court at law, and probate to make and amend local rules governing
practice before such courts, provided that any proposed rule or amendment is
not inconsistent with the Rules of Civil Procedure.  See Tex.R.Civ.P.
3a(1).  Any proposed rule or amendment is
not effective until it is submitted and approved by the Supreme Court.  See Tex.R.Civ.P.
3a(3).  Moreover, any proposed rule or
amendment must be published for at least thirty days before it becomes
effective.  See Tex.R.Civ.P. 3a(4).

First, we observe
that the El Paso County Local Rules contain no local rule requiring 

out-of-town licensed Texas
attorneys to appear with local counsel in order to practice law before a state
court in El Paso County.  There is also
no local rule that authorizes a trial court to appoint local counsel for a
party that is already represented by an attorney who is duly licensed to
practice law in the state of Texas. 
Rather, Local Rule 10.01 states that A[i]n
the absence of a section or subsection, interested persons may assume there is
no local rule covering the described subject.@  El
Paso County L.R. 10.01. 
Therefore, Respondent=s
order is not supported by any published local rule that has been approved by
the Supreme Court.








Second, as a
general matter, a litigant has a right to be represented by the attorney of his
choice.  See Keller Indus., Inc. v.
Blanton, 804 S.W.2d 182, 185 (Tex.App.--Houston [14th Dist.] 1991, orig.
proceeding).  Rule 7 provides that A[a]ny party to a suit may appear and
prosecute or defend his rights herein, either in person or by an attorney of
the court.@  Tex.R.Civ.P.
7.  Although the right to counsel of
choice is not absolute, courts should not deprive a litigant of that right
unless there exists a compelling reason. 
Keller Indus., Inc., 804 S.W.2d at 185.  In this case, Las Palmas is represented by a
duly licensed attorney who is a member of the Texas Bar.  All persons in good standing as members of
the Texas Bar may practice law in Texas. 
See Tex.Gov=t Code Ann. ''
81.051, 81.102(a), 81.071, 81.113 (Vernon 2005).  We can find no rule or statute that restricts
a licensed Texas attorney=s
ability to practice law in a state court by requiring that attorney to
associate with Alocal
counsel.@[3]  The undisputed facts make clear there is no
compelling reason to restrict Las Palmas=
attorney=s
representation of its client before Respondent=s
court by requiring Alocal
counsel@ nor is
there a compelling reason for Respondent to select local counsel that is not of
Las Palmas=
choosing.








Respondent
contends that his authority to issue the order requiring local counsel rests on
a trial court=s
statutory and inherent authority to appoint attorneys to represent indigent
persons.  Respondent also claims that he
was entitled to exercise his inherent authority to require Las Palmas= attorney to join local cocounsel
because its attorney unequivocally refused to accept an appointment to
represent an indigent criminal defendant in El Paso, which Respondent asserts
is an obligation required of all other attorneys practicing before the court
and thus, is a burden associated with the privilege of practicing law in El
Paso County.  

Relying on Section
24.016 of the Texas Government Code, Respondents argues that a trial court has
statutory authority to provide representation to indigent persons.  Section 24.016 provides:

A district judge may
appoint counsel to attend to the cause of a party who makes an affidavit that
he is too poor to employ counsel to attend to the cause. 

 

Tex.Gov=t Code Ann. '
24.016.

 








We agree that
Section 24.016 authorizes a district judge to appoint counsel for indigents in
criminal and civil actions.  However, the
order in this case was not based on a concern for indigent representation.  Rather, the order recites that A[d]ue to several unresolvable matters,
including scheduling conflicts, the Court has determined that local counsel
should be appointed.@  In fact, the order in the Santillan
case was issued prior to the offer of a criminal appointment and Las Palmas= attorney=s
apparent refusal to accept that appointment. 
Respondent simply did not order Las Palmas=
attorney to accept a criminal appointment to represent an indigent
defendant.  Since the order makes no
appointment of counsel, the issue of whether Respondent has authority to
appoint counsel to provide pro bono services or to require an attorney to
accept such an appointment is not properly before us.[4]








With regard to a
trial court=s
authority to appoint counsel in civil cases, we have previously stated that
this statutory authority exists in a very limited number of situations.  See Thomas v. Anderson, 861
S.W.2d 58, 60 (Tex.App.--El Paso 1993, no writ); see e.g., Tex.Gov=t Code Ann. '
24.016; Tex.Fam.Code Ann. ' 51.10 (Vernon Supp. 2004-05)(court may
appoint counsel in juvenile delinquency cases); Tex.Fam.Code Ann. '
107.013(a)(court must appoint attorney ad litem to represent indigent party in
suit to terminate parent‑child relationship); Tex.Fam.Code Ann. '
107.010 (appointment of attorney ad litem for incapacitated person); Tex.Fam.Code Ann. ' 107.012 (if representation deemed
necessary to protect interests of child who is the subject matter of the suit,
court must appoint attorney ad litem for any party in the case); Tex.Health & Safety Code Ann. ' 574.003 (Vernon 2003)(court shall
appoint attorney for a proposed patient after an application for court-ordered
mental health services has been made). 
It is undisputed that Las Palmas is not an indigent litigant in the
civil action and it never requested appointment of counsel.  Under such circumstances, we can find no
statutory authority that would enable Respondent to appoint counsel, or for
that matter, local cocounsel, for Las Palmas.








Respondent,
however, also relies on his inherent power to appoint counsel in certain
circumstances.  In addition to the
express grants of judicial power to each court, there are other powers which
courts may exercise, though not expressly authorized or described by
constitution or statute.  Eichelberger
v. Eichelberger, 582 S.W.2d 395, 398 (Tex. 1979).  Inherent powers of a court arise from the
very fact that the court has been created and charged by the constitution with
certain duties and responsibilities.  Id.  The inherent powers of a court are those
which it may call upon to aid in the exercise of its jurisdiction, in the
administration of justice, and in the preservation of its independence and
integrity.  Id.  These powers exist to enable our courts to
effectively perform their judicial functions and to protect their dignity,
independence, and integrity.  Id.
at 399.  In discussing the scope of the
courts= inherent
authority to appoint counsel for civil litigants, the Texas Supreme Court has
stated that Aunder
exceptional circumstances, >the
public and private interests at stake [may be] such that the administration of
justice may best be served by appointing a lawyer to represent an indigent
civil litigant.=@ 
Gibson v. Tolbert, 102 S.W.3d 710, 712 (Tex. 2003), quoting
Travelers Indem. Co. v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996).  In light of Gibson, it is readily
apparent that a trial court=s
inherent power to appoint counsel is necessarily contingent on a party=s indigent status and on the existence
of exceptional circumstances.  Neither
factor can be said to exist in this case, therefore we conclude that Respondent=s order is not supported by any express
grant of authority nor by any inherent power to appoint counsel in a civil
case.

With respect to
the portion of his order requiring Las Palmas to retain local counsel,
Respondent justifies his action based on Las Palmas=
attorney=s refusal
to accept an appointment to represent an indigent criminal defendant, which
Respondent asserts is a burden associated with the privilege of practicing law
in El Paso County.  Putting aside for the
moment that the order at issue was actually entered prior to the attorney=s refusal to accept an appointment, we
will address Respondent=s
claim of inherent authority to require Las Palmas to retain local cocounsel
because of the unwillingness of its lead counsel to provide indigent
representation.

First, we observe
that the Texas Supreme Court has exclusive authority to regulate the practice
of law in the State of Texas.  See
State Bar of Texas v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994).  The Supreme Court=s
power to regulate the practice of law is derived from both statutory and
inherent powers.  Id.; see also
Tex.Gov=t
Code Ann. ' 81.061
(exclusive jurisdiction over rules governing admission to the practice of law);
Tex.Gov=t
Code Ann. ' 81.071
(disciplinary jurisdiction over each attorney admitted to practice in the state
and each specially admitted by a court of this state for a particular
proceeding); Tex.Gov=t Code Ann. ' 81.011
(exclusive administrative control over the state bar).  Notably, the Supreme Court stated in State
Bar of Texas v. Gomez, that A[b]ecause
the admission and practice of Texas attorneys is inextricably intertwined with
the administration of justice, the Court must have the power to regulate these
activities in order to fulfill its constitutional role.@  Gomez, 891 S.W.2d at 245.  No subordinate court in Texas has the power
to usurp the Supreme Court=s
authority or responsibility to regulate the practice of law.  Id. at 246.

Respondent argues
that he imposed a local counsel requirement in this case in order to ensure
that Las Palmas was represented by an attorney who met his obligation to accept
pro bono appointments, which is a qualification imposed on all counsel
practicing before the court.[5]  Respondent relies on Gomez to support
his argument that district courts possess inherent authority to regulate the
practice of law.  Respondent=s reliance on Gomez, however, is
wholly misplaced because the Court clearly limited its discussion of inherent
judicial powers to those exclusively held by the Supreme Court.  Respondent=s
attempt to restrict a licensed Texas attorney=s
ability to practice in an El Paso County court is the type of regulation that
would fall within the exclusive jurisdiction of the Supreme Court.  While we agree that a trial court has
inherent power to inquire into the qualifications of persons practicing law
before it, for instance, by inquiring into whether a person representing a
party is a licensed attorney, the qualifications of Las Palmas= attorney were not in question in this
case.  See Magaha v. Holmes, 886
S.W.2d 447, 448 (Tex.App.--Houston [1st Dist.] 1994, no writ)(non-attorney
mother was not qualified to engage in the practice of law).  Further, we cannot agree with Respondent=s contention that a non-El Paso
attorney=s
participation in a locally administered pro bono program is a qualification to
practicing law in El Paso County.  By
instituting such a qualification, a district court would certainly be Acast in the impermissible role of
effectively promulgating policies and regulations governing Texas lawyers@ without the Supreme Court=s prior approval.  See Gomez, 891 S.W.2d at 246.

For the reasons
stated above, we find that Respondent=s
order is not based upon any statute, rule, or other law.  Because Respondent exceeded his authority, we
conclude Respondent clearly abused his discretion by ordering Las Palmas, who
was already represented by a duly licensed Texas attorney, to retain local
counsel or else local counsel would be appointed.

No
Adequate Remedy








Having concluded
that Respondent clearly abused his discretion, we must now determine whether
Las Palmas has no adequate remedy by appeal, and is thus, entitled to mandamus
relief.  See Walker, 827 S.W.2d at
840.  The Texas Supreme Court recently
explained that the operative word, Aadequate,@ has no comprehensive definition; it is
simply the careful balance of jurisprudential considerations that determine
when appellate courts will use original mandamus proceedings to review the
actions of lower courts.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex. 2004)(orig.
proceeding).  Both public and private
interests are implicated in balancing these considerations.  Id. 
AMandamus
review of significant rulings in exceptional cases may be essential to preserve
important substantive and procedural rights from impairment or loss, allow the
appellate courts to give needed and helpful direction to the law that would otherwise
prove elusive in appeals from final judgments, and spare private parties and
the public the time and money utterly wasted during eventual reversal of
improperly conducted proceedings.@  Id. at 136.  Appellate remedy is adequate when any
benefits to mandamus review are outweighed by the detriments.  Id. 
However, when the benefits outweigh the detriments, appellate courts
must consider whether the appellate remedy is adequate.  In re Prudential Ins. Co. Of Am., 148
S.W.3d at 136.

Here, Respondent=s order requires Las Palmas to retain
local counsel even though it is represented by a licensed Texas attorney; if
Las Palmas fails to comply, Respondent will appoint local counsel for it in the
lawsuit.  As discussed above, there is no
statute or rule that would require Las Palmas to have local counsel when it is
already represented by a Texas attorney. 
Moreover, we have concluded that Respondent has no authority to require
Las Palmas to retain local counsel or to appoint counsel for Las Palmas, a
non-indigent party.  Respondent=s order places a significant economic
burden on Las Palmas since it must pay the expenses of an additional
El Paso County-based attorney while the counsel of its choice continues to
represent it in Respondent=s
court.  Requiring Las Palmas to retain
additional counsel, especially when there is no evidence that it=s out-of-town attorney has in any way
impeded the course of the proceedings, is clearly an undue restriction on a
Texas attorney=s ability
to practice law in a state court and will certainly prove to be an unnecessary
and wasteful expense.  We have serious
concerns that this issue may become recurrent, but that it would otherwise
prove elusive through an appeal from a final judgment.  Thus, we believe this issue fits well within
the types of issues for which mandamus review is not only appropriate but
necessary.  See In re Prudential,
148 S.W.3d at 138.








Because Respondent=s order is a clear abuse of discretion
and Las Palmas has no adequate remedy by appeal, we conclude that Las Palmas is
entitled to mandamus relief.  We sustain
Issues One and Two of the petition and conditionally grant the relief
sought.  We vacate our order granting
emergency relief and staying the proceedings in the 120th District Court.  The writ of mandamus will issue only if the
120th District Court fails to vacate its March 3, 2005 order. 

 

September
15, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

McClure, J., Not Participating











[1]
The underlying suit is cause number 2003-2548, styled Elodia Santillan and
Jose V. Santillan, Individually and as Parents and Next Friends of Hector R.
Santillan, a Minor v. El Paso Healthcare System, Ltd., a Texas L.P. d/b/a
Las Palmas Medical Center, Ana T. Barker, R.N., Professional Placement
Resources, Inc., a Florida Corporation, PPR Travel, Inc., a Florida
Corporation, Catalina Arias, R.N., and T.C. Villarreal, M.D.  The other codefendants are not parties to
this proceeding.





[2]
Dr. Palomino is the defendant in cause number 2003-1480, styled Federico
Alvarez, Individually and as Representative of the Estate of Ruth Bernal
Alvarez, Deceased, Virginia Alvarez, Ruth Benedict Alvarez, Federico Alvarez,
Jr., and Ernesto Alvarez, the surviving children and wrongful death and
survival statute beneficiaries of Ruth Bernal Alvarez v. Adolfo Palomino, M.D.  Palomino filed a petition for mandamus
relief, which was consolidated with this proceeding.  However, he subsequently filed a motion to
dismiss his petition while this proceeding was pending and that motion was
granted.





[3]
Respondent points out that some federal courts in Texas impose local counsel
association requirements.  For instance,
under the local rules of the United States District Court for the Western
District of Texas, a judge may, in his discretion and upon notice, Arequire an attorney appearing in [the]
court who maintains his office outside of [the] district to designate a member
of the Bar of [the] Court who does maintain an office within [the] district as
cocounsel with the authority to act as attorney of record for all purposes.@ 
W.D. Tex.R. AT-3.  The local rules for the United States
District Court for the Northern District of Texas require association with
local counsel Ain all
cases where an attorney appearing in a case does not reside or maintain an
office in [the] district.@  N.D. Tex.Civ.R.
83.10(a).  Federal district courts are
statutorily authorized to adopt local rules governing practice before their
courts.  See 28 U.S.C.A. '
2071 (1994); Fed.R.Civ.P.
83.  In contrast, state courts may make
and amend local rules governing practice before the courts, but any proposed
local rule or amendment must be approved by the Texas Supreme Court.  See Tex.R.Civ.P.
3a.  While the distinction between the
federal and state system is interesting, the local counsel association rules in
the federal system have no bearing in this proceeding.





[4]
Respondent directs our attention to two mechanisms by which trial courts in El
Paso appoint counsel to represent indigent parties in criminal and civil cases.  In 1993, the Texas Supreme Court approved El
Paso County Local Rule 5.02.  Local Rule
5.02 pertains to appointment of counsel in criminal cases.  Local Rule 5.02 states that A[a]ppointment of counsel shall be as
provided under the El Paso Agreement as approved by the El Paso Council of
Judges, the El Paso County Commissioner=s
Court, and the El Paso County Bar Association.@  According to Respondent=s description of the El Paso Agreement
pro bono program, El Paso attorneys must either accept appointment to represent
indigent criminal defendants or pay $600 per year to El Paso County in order to
be removed from the list of appointees. 
Funds from the opt-out fee are then used to compensate attorneys who
accept such appointments based on a specified rate scale.  With regard to civil appointments, the
district judges of El Paso County implemented a pro bono publico plan by order
in 1982.  Under the order, the courts are
authorized to appoint lawyers holding an active Texas law license and who
practice or are employed in El Paso County, Texas to no more than two domestic
matters each fiscal year.  The civil pro
bono program (AThe El
Paso Plan@) is
currently administered by Texas RioGrande Legal Aid, Inc., a non-profit
provider of legal services to indigent clients in Texas.  We make no judgment as to Respondent=s authority to make criminal or civil
appointments of counsel for indigents in El Paso County under either pro bono
program.





[5]
In support of his argument, Respondent directs us to proposed Rule 3.02a of the
El Paso County Rules, which was approved by the Council of Judges in February
2000.  The proposed rule would require
that in cases where a party is represented by Texas licensed counsel, at least
one of their attorneys must participate in the El Paso Plan.  In cases where a party is represented by an
attorney not licensed in Texas, that attorney must seek admission pro hac
vice with the El Paso district clerk and must hire as cocounsel a
Texas licensed attorney who maintains an office in El Paso County, is in
compliance with participation in the El Paso Plan, and shall have authority to
act as attorney of record for all purposes. 
As Respondent concedes, the Texas Supreme Court has not approved this
proposed rule.  See Tex.R.Civ.P. 3a.  Therefore, we will not consider the proposed
rule in determining Respondent=s
authority to issue the order at issue in this proceeding.